UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANNY L. PIXLER, *et al.*,<br><br>　　　　Defendants. | Case No.  C06-0697RSL<br><br>ORDER DENYING<br>MOTION TO STRIKE |

This matter comes before the Court on a motion to strike filed by former defendant Roxann Pixler pursuant to Federal Rule of Civil Procedure 12(f).[1]  (Dkt. #56).  On December 7, 2006, the Court dismissed plaintiff's claims against Ms. Pixler for lack of personal jurisdiction.  Ms. Pixler alleges that based on the Court's prior ruling, the Court must order stricken all references contained in the Amended Complaint to her as a defendant.

Rule 12(f) provides that upon a timely motion or *sua sponte*, the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial,

---

[1] Because this matter can be decided on the parties' memoranda, Ms. Pixler's request for oral argument is denied.

ORDER DENYING
MOTION TO STRIKE - 1

1 impertinent, or scandalous matter." The Amended Complaint continues to list Ms. Pixler
2 as a defendant in the caption, includes factual allegations against her, Amended
3 Complaint at ¶¶ 1.3, 1.4, 1.11, and legal allegations against her. <u>Id.</u> at ¶¶ 6.2, 7.2, 9.3,
4 9.13, and 10.2.

5       Ms. Pixler, who is no longer a party to this action, lacks standing to file this
6 motion. Furthermore, the references to her in the Amended Complaint appear to be
7 relevant background allegations and are not improper under Rule 12(f). Plaintiff noted in
8 his opposition that this motion is unnecessary because Ms. Pixler has been dismissed
9 from the case, and the parties are bound by that ruling. In response, Ms. Pixler stated that
10 she is "satisfied" with plaintiff's "concession" that she is no longer a party. Ms. Pixler
11 did not need to file this motion to obtain that "concession" as it was already the law of
12 the case. Accordingly, Ms. Pixler's motion to strike (Dkt. #56) is DENIED.

13       Plaintiff has requested that the Court impose sanctions against Ms. Pixler for filing
14 a frivolous motion. The Local Rules, however, do not permit the "supplemental
15 response" plaintiff filed requesting sanctions. The Court has also considered whether to
16 impose sanctions against Ms. Pixler pursuant to General Rule 3. The issue is a close call,
17 because Ms. Pixler's motion was unnecessary and wasted plaintiff's and the Court's
18 resources. However, the Court finds that the motion was not so egregious as to warrant
19 sanctions.

20

21       DATED this 7th day of February, 2007.

22

23
                       /s/ Robert S. Lasnik
24                       Robert S. Lasnik
                      United States District Judge
25

26 ORDER DENYING
MOTION TO STRIKE - 2