UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

　　　　　　Plaintiff,

　　v.

DANNY L. PIXLER, *et al.*,

　　　　　　Defendants.

Case No. C06-0697RSL

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendants Anthony Huff, Sheri Huff, Danny Pixler, and Midwest Merger Management, LLC (collectively, the "moving defendants") for leave to file a third party complaint against Harold Anderson and Legend Holdings, Inc. (the "third parties").[1] (Dkt. #68). Plaintiff opposes the motion, arguing that the moving defendants lack standing to assert claims against the third parties, permitting them to do so would deprive this Court of jurisdiction, and allowing the amendment would result in prejudice and potential jury confusion.

---

[1] Because this matter can be decided on the parties' memoranda, the parties' request for oral argument is denied.

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT - 1

For the reasons set forth below, the Court denies the motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 14(a) provides that a defendant may request leave to file a complaint against a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." The rule also provides that a plaintiff may assert claims against the third-party defendant. In exercising discretion under Rule 14,

> the court should endeavor to effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters. As a result, a timely motion for impleader should be granted except when it will delay or disadvantage the existing action and the third-party claim obviously lacks merit. Of course the court must be sensitive to the possibility of prejudice to the original plaintiff or the third-party defendant that may result from permitting the assertion of the third-party claim.

7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1443 (2d Ed. 1990) at pp. 300-01.

Plaintiff alleges that the moving defendants lack standing to assert the claims against the third parties because the claims relate to misrepresentations allegedly made to Gudeman & Weiss ("G&W"), which is not a party to this action. The moving defendants cannot assert the rights and interests of third parties. Defendants counter that Midwest was a direct beneficiary of the 2003 Stock Purchase Agreement (the "Agreement") between G&W and Legend Holdings. Pursuant to the Agreement, G&W purchased a 9.9% interest in Legend Holdings, the holding company for Cascade National Insurance Company, with an option to purchase the remaining 90.1% interest. G&W received the funds for the purchase from Midwest. According to plaintiff, G&W's 9.9% share of Legend amounted to a controlling interest in Cascade. In addition to loaning the funds, Midwest took a security interest in the stock purchased pursuant to the Agreement,

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT - 2

handled the earnest money for the transaction, and remitted premium payments to Cascade. Although Midwest acknowledges that its claims are based on misrepresentations Anderson made *to G&W* while negotiating the Agreement and it is not a party to the Agreement, it claims to be a direct beneficiary of it. To determine if that assertion is correct, the "critical question is whether the benefits flow directly from the contract or whether they are merely incidental, indirect or consequential." McDonald Constr. Co. v. Murray, 5 Wn. App. 68, 70 (1971). Midwest has not identified any direct benefit flowing to it from the contract. Instead, the benefits appear more indirect, including repayment of the funds loaned to G&W. In that regard, this case is like McDonald, in which the court found that a potential tenant was not a direct beneficiary of a construction contract because any benefit it might receive would be derived from its "intervening tenancy agreement" with another party. Id. Similarly, in this case, any direct benefit Midwest might receive would flow from its agreements with G&W and not directly from the Agreement.

Midwest also argues that it has standing based on the following exception:

> Although a plaintiff generally "cannot rest his claim to relief on the legal rights or interests of third parties," Warth v. Seldin, 422 U.S. 490, 499 (1975), the Supreme Court has recognized an exception where the plaintiff meets the following three criteria: first, the plaintiff must have a concrete interest in the outcome of the dispute; second, the plaintiff must have a close relationship with the party whose rights it is asserting; and third, "there must exist some hindrance to the third party's ability to protect his or her own interests." Powers v. Ohio, 499 U.S. 400, 411 (1991).

Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). Midwest, however, has not shown that there is a hindrance to G&W's ability to protect its own interest. Instead, Midwest makes the following vague, unsupported statement, "G&W is currently defunct and no longer does business." Defendants' Reply at p. 1 n.1. Accordingly, Midwest has not shown that it has standing to pursue its proposed claims

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT - 3

against the third parties. The moving defendants have also failed to provide any arguments or facts to support a finding that Pixler or the Huffs have standing to assert claims against the third parties.

Even if Midwest had standing, the Court would nevertheless deny the motion. "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." Southwest Adm'rs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action. Id. In this case, allowing the third party complaint would prevent the moving defendants from having to file a separate action against the third parties. The claims also involve many of the same facts and witnesses. However, granting the impleader will complicate an already factually complicated case, lengthen the trial, and introduce extraneous claims and potential cross claims. For example, resolution of the third party claims would focus on certain communications among Midwest, G&W and the third parties that are not relevant to the current action. The moving defendants would still be liable to plaintiff for the unpaid workers' compensation premiums regardless of the outcome of their claims against the third parties. Plaintiff would also be subject to additional discovery burdens, expense, and potential delay.

Also, because plaintiff and the third parties are all Washington entities, the Court would not have supplemental jurisdiction over any claims plaintiff might seek to assert against the third-party defendants in this action. 28 U.S.C. § 1367(b). The fact that the Court would not have jurisdiction over those claims reduces the efficiencies to be gained by allowing defendants to file their third-party complaint. Furthermore, it would prejudice plaintiff who would not gain any benefit from including the third parties in this

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT - 4

1 lawsuit but would be forced to defend against any claims the third parties might bring
2 against it.  Moreover, plaintiff is a public entity seeking to recover unpaid workers'
3 compensation premiums.  As such, the Court is especially reluctant to force it to incur
4 additional and avoidable costs and burdens.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES the moving defendants' motion to file a third party complaint.

DATED this 18th day of May, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
FILE THIRD PARTY COMPLAINT - 5