THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER, Insurance Commissioner for the State of Washington and as Receiver for Cascade National Insurance Company, in Liquidation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DANNY L. PIXLER and ROXANN PIXLER, individually and their marital community; ANTHONY HUFF and SHERI HUFF, individually and their marital community; AMERICAN STAFF RESOURCES OF CALIFORNIA, INC., a Delaware corporation; CERTIFIED SERVICES, INC., a Nevada corporation; MIDWEST MERGER MANAGEMENT, LLC, a Kentucky Limited Liability Company; and JOHN DOES 1 – 10,<br><br>　　　　　　　Defendants. | NO. C06-697 RSL<br><br>PLAINTIFF'S MOTION FOR ORDER ESTABLISHING A DISCOVERY PLAN<br><br>**NOTED FOR MOTION CALENDAR:**<br>**July 20, 2007** |

Plaintiff hereby moves the Court for entry of an Order establishing a discovery plan.

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 1 of 9
No. C06-697 RSL
180586 v4

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

## STATUS OF PROCEEDINGS AND STATEMENT OF FACTS

| | |
|---|---|
| April 18, 2006 | Complaint filed in state court |
| May 17, 2006 | Removal to federal court by defense |

Plaintiff agreed to extension of time for defense to answer

| | |
|---|---|
| June 19, 2006 | Defendants Pixler and ASRC file Answer to Complaint |
| June 19, 2006 | Other Defendants' Motion to Dismiss |
| November 20, 2006 | Hearing on Motion to Dismiss |
| December 7, 2006 | Order on Motion to Dismiss, Granting Leave to Amend |
| December 27, 2006 | Amended Complaint filed |
| December 29, 2006 | Stipulated Order re Initial Disclosures/Deadlines |
| January 16, 2007 | Answer to Amended Complaint |
| January 16, 2007 | Roxann Pixler Motion to Strike filed |
| February 6, 2007 | Initial Disclosures served |
| February 7, 2007 | Order Denying Motion to Strike |

Plaintiff challenged the completeness of defendants' Initial Disclosures. Defendants agreed to revise and supplement.

| | |
|---|---|
| February 13, 2007 | Joint Status Report and Discovery Plan filed |
| February 15, 2007 | Defendants served supplement to Initial Disclosures |
| February 26, 2007 | Minute Order Setting Trial Date & Related Dates |
| March 26, 2007 | Defendants' Motion to File Third Party Complaint |
| May 18, 2007 | Order Denying Motion to File Third Party Complaint |

The parties each requested copies of all documents identified in their respective Initial Disclosures in February/March, 2007. Between mid-February and the present, as detailed

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 2 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

below, plaintiff has been gathering and producing documents, some quite voluminous, and some which require confidentiality or third party subpoenas. Plaintiff's counsel has communicated frequently with defense counsel advising of status of documents, their volume (presently estimated in excess of 40 boxes), availability, updating on status, and inquiring as to the format that defense desires them (CD, paper, inspection).

On March 20, 2007, plaintiff's counsel sent a letter to defense with a proposed discovery plan and requested cooperation in developing a "more detailed discovery plan consistent with FRCP 26(f), rather than piecemeal document exchanges or unilateral noting of depositions." Plaintiff requested a response to the proposal and the scheduling of a discovery conference. *Declaration of Victoria L. Vreeland,* Exhibit A, submitted herewith. Defense responded by letter dated March 26th advising that it agreed depositions should not occur until the documents were produced, and advised that it was prepared to produce documents on an expedited time frame. Defense also enclosed deposition notices for April, 2007[1], but without including the specific date(s), and advised it was available for discovery conference. *Declaration of Victoria L. Vreeland,* Exhibit B.

Plaintiff then attempted for several weeks to schedule a telephonic discovery conference with defense, and due to various attorneys' prior commitments, it was not held until April 26, 2007. In the meantime, on April 12th, plaintiff advised that three to five (3-5) boxes of documents were anticipated to be ready the next week as a first installment; and on April 17th, offered those five (5) boxes for defense review. At defense request, plaintiff produced five (5) boxes of documents on CD to defense on April 26th.

---

[1] For video depositions of Harold Anderson, John Ference, Marshall McGinnis, James Odiorne, James Tompkins, Lai Morrell, Insurance Commissioner Mike Kreidler, and 30(b)(6) designee(s).

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 3 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

On April 26th, the parties also held a discovery conference by telephone, which included plaintiff's attorneys, Victoria Vreeland, Donald Cohen, and Daniel Potts and paralegal Natalie Leth, and defense counsel, Paul Fogarty and David Hemminger. The parties agreed with the concept proposed by plaintiff's counsel that depositions would be set by mutually coordinating schedules and dates to be the most cost-effective given the various geographical locations, <u>and</u> that the parties would <u>not</u> unilaterally note up depositions which would require a motion or response from the other party – rather, the parties agreed that they would exchange a list of the initial deponents desired by the end of the following week, and then they would work out a mutual deposition schedule.

In the discovery conference, the parties also agreed that the documents requested and those identified in the Initial Disclosures would be produced prior to starting the depositions, in order to avoid having to re-take any of them. Plaintiff advised that it would be sending document requests and interrogatories after defense produced the documents identified in their Initial Disclosures, in order to avoid duplicative requests. The parties discussed when to start depositions, and plaintiff suggested that the document productions would take from April through July at least, and depositions were anticipated after that time frame in order to have all the documents produced by that time. Plaintiff's counsel anticipated that depositions would not start until late August, to ensure that the documents were all produced. The parties also agreed that plaintiff would provide a list of documents in order for defense to issue a subpoena to the Office of Insurance Commissioner which would be coordinated by plaintiff's counsel; and that defense would produce its Initial Disclosure documents to plaintiff by May 4th (which was later extended to May 7th.)

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 4 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington  98101
(206) 676-7500 - FACSIMILE (206) 676-7575

Plaintiff provided its list of initial deponents to defense per agreement by May 3rd; but defense did not provide such list to plaintiff until May 17th.[2] Defense also produced one half-sized box of documents on May 8th indicating these were the documents identified in its Initial Disclosures. By email on May 11th, plaintiff offered an additional six (6) boxes of documents to defense, and offered another fifteen (15) boxes of individual claims files, subject to HIPAA requirements and advised defense of the need for a stipulated protective order pursuant to HIPAA if defense wanted to review the claims files.

Defendant had already served plaintiff with four separate sets of interrogatories and requests for production on April 6, 2007,[3] which plaintiff answered, per extension agreement, on May 14th. Per the discovery conference agreement, plaintiff provided the subpoena list for the Insurance Commissioner regulatory documents to defense on May 30th, and facilitated that process in order for defense to easily obtain such documents. Defense did not respond to the May 11th offer of the six (6) boxes of documents or the stipulated protective order regarding HIPAA, so plaintiff sent a reminder on June 20, 2007. Defense then responded it would get back to plaintiff on the HIPAA order and indicated production by CD would be preferred. Plaintiff requested confirmation of the CD order, due to the cost, and has received no response yet from defense.

On May 24, 2007, defense requested that depositions begin the first week of August, starting with Insurance Commissioner Kreidler. Plaintiff responded on May 29th that plaintiff

---

[2] Plaintiff listed Danny Pixler, Anthony Huff, Michele Brown, Ed Gudeman, Gene Weiss, Ivan Dobrin, Ray McCartha, Sheri Huff, Roxann Pixler, Zeneida Ferrara, Neil Hitchcock, Charles Spinelli, Rick Steen, Tom Reed, and Tom Brown. Defense listed Mike Kreidler, James Tompkins, James Odiorne, Marshall McGinnis, Harold Anderson, Lai Morrell, John Ference, Michelle Klein, and Elizabeth Anderson.

[3] Danny Pixler served 28 document production requests and 12 interrogatories; Anthony Huff served 15 production requests and 14 interrogatories; Midwest Merger Management served 17 production requests and 14 interrogatories; and Sheri Huff served 5 interrogatories and 6 production requests.

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 5 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

felt depositions should start in late August or early September given the status of document productions, and requested that defense provide available dates, inquired whether defense wanted witnesses in a particular order, and advised that plaintiff would get available dates and coordinate for scheduling, all per the earlier discovery conference and based on the initial lists sent by the parties to each other. Plaintiff also advised defense that Insurance Commissioner Kreidler, as an agency head or top governmental executive, is not subject to depositions unless there is a showing that there is first-hand relevant knowledge not available from other sources including depositions. Plaintiff suggested that defense evaluate the desire or need to depose Commissioner Kreidler after deposing the others in the Commissioner's office who have been responsible for the matter, in order to avoid motions for protective order at this time. Defense did not respond to this communication.

After receipt of the one half-size box of documents from defense which it had identified in its Initial Disclosures, plaintiff served defense with plaintiff's requests for production on June 25, 2007. These requests for production are 60 in number, and are comprehensive and detailed. It is important to obtain all the records and documents prior to taking the depositions, given the expense and travel time involved and to avoid having to seek second depositions of the same person(s).

Plaintiff again asked defense on June 21st to provide available deposition dates so that the scheduling of all deponents desired by all parties could be accomplished by mutual agreement and coordination between counsel's offices. Instead of responding to the May 29th or June 21st communications from plaintiff with available dates in order to set depositions, and contrary to the arrangements worked out in the April 26th discovery conference, defense for the second time unilaterally served plaintiff on June 26th with notices of deposition for

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 6 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

Insurance Commissioner Mike Kreidler, James Tompkins, Harold Anderson, James Odiorne, Marshall McGinnis, Lai Morrell, John Ference and Michelle Klein setting them for August 2, 3, 7, 8, and 9. *Declaration of Victoria L. Vreeland,* Exhibit C, submitted herewith.

In addition to the issues arising from the unilateral scheduling of depositions without mutual cooperation and prior to full document exchanges, it appears that there will be some significant discovery disputes arising from the written discovery requests. Defense has already sent a letter challenging objections of plaintiff to written discovery requests (39 in total). Plaintiff anticipates discovery issues arising from its written requests to defense as well. There will also be an issue due to the service of a notice of deposition for an elected official, Insurance Commissioner Mike Kreidler, despite plaintiff's advisory, which will likely require a motion to the Court.

Plaintiff has conferred with defense as to the need and terms of a specific discovery plan – plaintiff requested such a conference on March 20th, held the conference on April 26th, and was acting in accordance with the arrangements from that discovery conference. However, defense unilaterally served deposition notices for the second time, contrary to the discovery conference and agreement that they not be held until the documents were all produced and that they be coordinated and scheduled cooperatively. Further, despite defense earlier assertions in late March that it would expedite production and discovery, even the half-size box of documents identified in defendants' Initial Disclosures was not produced until May 8th.

Due to the significant costs and expenses involved in the discovery in this case, the number of documents, and the location of witnesses (Washington, Kentucky, California, Florida, or others), and to avoid having to schedule or take more than one deposition of an

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 7 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

individual, at this point a discovery plan ordered by the Court is necessary. Plaintiff attempted to develop such a discovery plan by agreement; however, defense has indicated an unwillingness to cooperate in framing or participating in such a plan.

## PROPOSED COURT-ORDERED DISCOVERY PLAN

Plaintiff requests entry of an Order setting forth the following Discovery Plan in this case as follows:

1. <u>Completion of the document production and responses to interrogatories by all parties prior to commencing depositions.</u> Responses by defense to plaintiff's discovery are due July 25th. Plaintiff has responded to defendants' first discovery requests, and defense has indicated disagreement with some of plaintiff's objections to those requests. There will undoubtedly be disagreement as to any objections raised by defendants to the discovery requests served by plaintiff. After the parties confer with regard to all such disputes arising from the written discovery, which would be completed by early to mid-August, any remaining issues could be presented by motion to compel or motion for protective order. Completion of document production would then occur by late/end of August.

2. <u>Cooperative scheduling of the depositions of all persons listed initially by each of the parties (a total of 24) to be held in various states beginning no earlier than late/end of August, provided all the documents have been produced as may be agreed or as ordered.</u> Depositions of the initially listed deponents (24) would be completed by the end of November, 2007.

3. <u>No deposition of Insurance Commissioner Mike Kreidler would be held unless there is the appropriate showing by defense,</u> satisfactory to the Court that he has first-hand, relevant knowledge which is not available from other sources including depositions.

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 8 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

4. <u>Following completion of the initial wave of the 24 depositions, the parties may each seek additional written discovery or document production from other parties or third parties; or may seek additional depositions.</u> If the parties disagreed on any matters, after conferring, either party could bring the issue before the Court.

5. <u>Expert Reports and Depositions</u>  Per the case scheduling order, expert disclosures are due March 12, 2008. Following the expert reports, additional discovery and/or depositions of experts would be set by mutual agreement of the parties and the experts' schedules.

6. Per the case scheduling order, discovery cutoff is May 11, 2008; and dispositive motion deadline is June 10, 2008, with trial date of September 8, 2008.

A proposed Order is submitted herewith.

RESPECTFULLY SUBMITTED this 5th day of July, 2007.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: /s Victoria L. Vreeland
    Victoria L. Vreeland, WSBA No. 08046
    vvreeland@gth-law.com
    Donald S. Cohen, WSBA No. 12480
    dcohen@gth-law.com
    Daniel S. Potts, WSBA No. 32866
    dpotts@gth-law.com
    Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR ORDER
ESTABLISHING A DISCOVERY PLAN
PAGE 9 of 9
No. C06-697 RSL
180586 v03

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575