EXHIBIT A

LAW OFFICES
## GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

| SEATTLE OFFICE | TACOMA OFFICE |
|---|---|
| ONE UNION SQUARE | 1201 PACIFIC AVENUE, SUITE 2100 |
| 600 UNIVERSITY, SUITE 2100 | POST OFFICE BOX 1157 |
| SEATTLE, WASHINGTON 98101-4185 | TACOMA, WASHINGTON 98401-1157 |
| (206) 676-7500 | (253) 620-6500 |
| FACSIMILE (206) 676-7575 | FACSIMILE (253) 620-6565 |
| REPLY TO SEATTLE OFFICE | |

**Victoria L. Vreeland**
Direct: (206) 676-7528
E-mail: vvreeland@gth-law.com

*By facsimile and U.S. Mail*

Paul E. Fogarty        (fax no. 206-441-5688)
Burkett, Burdette & Fogarty PLLC
600 Stewart Street, Suite 1500
Seattle, WA  98101-1246

Donald L. Cox        (fax no. 502-589-4994)
David W. Hemminger
Lynch, Cox, Gilman & Mahan, PSC
500 West Jefferson Street, Suite 2100
Louisville, KY  40202

   RE: Kreidler v. Pixler, et al. (U.S. District Court, W.D. of Wash. # CV06-0697 RSL)
      Plaintiff's Proposed Coordinated Discovery Plan

Dear Counsel:

  We have received your request for copies of all documents identified in our Initial Disclosures and documents relative to damages, as well as your indication of some depositions that you may want to schedule. Likewise, we request copies of the documents that you identified in your revised Initial Disclosures and we will also be serving discovery requests to obtain documents which you did not identify, such as records and correspondence of some defendants, principals, and key personnel involved in this matter.

  Given the number of persons who may have information or be witnesses, the geographical distances involved, the volume of records, the potential location of records (Washington, Florida, Kentucky, California, or other states), and the format of the records (some hard copy and some electronic), we believe that a specific discovery plan is appropriate in this case. We now have a case schedule and trial date from Judge Lasnik, so we believe it is time to develop a more detailed discovery plan consistent with FRCP 26(f), rather than piecemeal document exchanges or unilateral noting of depositions. A coordinated discovery plan will enable both sides to obtain the documents, information, and depositions needed in the most timely, efficient, and cost-saving way possible.

[177075 v02.doc]

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

Messrs. Fogarty, Cox, and Hemminger
March 20, 2007
Page 2 of 3

To this end, below is a proposed plan for your consideration and discussion with us. We invite you to respond to this proposal so that we can together formulate a coordinated discovery plan.

* * * * *

## PROPOSED COORDINATED DISCOVERY PLAN

The key deadlines for formulating a Coordinated Discovery Plan: Expert Disclosures due 03/12/08; Discovery Cutoff 05/11/08, Dispositive Motion Deadline 06/10/08, and Trial Date 09/08/08.

1.  Document Productions Prior to Taking of Depositions

To avoid repeating depositions, it is most important that the documents in a case be obtained and exchanged prior to taking those depositions. This is especially necessary in this case due to the number of defendants and witnesses and the distances involved. We propose that no depositions be taken until we have completed the typical first wave of document exchange and production, and written discovery.

   A.  Documents Identified in Initial Disclosures: Inspection and review by opposing party within forty-five (45) days (or the alternative of copying all documents requested), identifying those documents desired to be copied or scanned electronically by an outside service.

   B.  Request for Production of Documents: Inspection and review by the requesting party at thirty (30) days of the service of any such requests (or the alternative of copying all documents requested), identifying those documents desired to be copied or scanned electronically by an outside service. Plaintiff intends to serve such discovery requests within the next 10 business days. Defendants may have additional written discovery to serve as well.

2.  Scheduling of Initial Principal Depositions

Following the exchange and production of documents listed above, the parties would conduct the principal witness depositions or those they would desire to take initially. We would work cooperatively to develop a set deposition schedule to cover as much as a six-month or greater period of time.

Of course as these depositions ensue, the parties could coordinate for additional depositions or discovery as needed, and would cooperatively schedule additional depositions.

[177075 v02.doc]

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

Messrs. Fogarty, Cox, and Hemminger
March 20, 2007
Page 3 of 3

      Plaintiff will provide a list of persons desired to be deposed initially, and we request that defendants do the same. We can then work on setting a deposition schedule.

* * * * *

      We are available for a conference call or in-person meeting later next week or thereafter to discuss and formulate a discovery plan with you. Please let us know what dates and times would be best for you.

                                Very truly yours,

                                Victoria L. Vreeland
                                Donald S. Cohen

VLV/DSC/swr
cc:    Client

[177075 v2.doc]