THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER, Insurance Commissioner for the State of Washington and as Receiver for Cascade National Insurance Company, in Liquidation,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DANNY L. PIXLER and ROXANN PIXLER, individually and their marital community; ANTHONY HUFF and SHERI HUFF, individually and their marital community; AMERICAN STAFF RESOURCES OF CALIFORNIA, INC., a Delaware corporation; CERTIFIED SERVICES, INC., a Nevada corporation; MIDWEST MERGER MANAGEMENT, LLC, a Kentucky Limited Liability Company; and JOHN DOES 1 – 10,<br><br>　　　　　　　　　Defendants. | NO. C06-697 RSL<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER RE DISCOVERY PLAN<br><br>**NOTED FOR MOTION CALENDAR:**<br>**July 20, 2007** |

　　　Plaintiff submits this Reply to Defendants' Response to Plaintiff's Motion for Order Establishing a Discovery Plan.

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 1 of 6
No. C06-697 RSL
181161 v4

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

Defendants' Response indicates they do not object to the Court establishing a discovery plan. Plaintiff's proposed discovery plan with its proposed dates and deadlines is reasonable and realistic. It is also in keeping with the parties' original agreed-upon plan arising in their discovery conference on April 26, 2007, in which the case deadlines were discussed and considered in coming to the agreements which were reached. Plaintiff's proposed discovery plan is also realistic given the expert report deadline of March 12, 2008, the discovery cutoff of May 11, 2008, and the trial date of September 8, 2008.

In order to avoid unnecessary costs and attorneys' fees in discovery scheduling arising from the unilateral noting of depositions, and to keep this case on track, plaintiff filed this motion with a proposed plan that is deliberate, organized and cost-effective.[1] To date, plaintiff has been operating in such a deliberate and concerted fashion, and has cooperatively and timely produced documents, responded to discovery, and kept defendants fully informed of the status of production. (See for example, letters to defense counsel dated June 20, 2007, and July 17, 2007, attached to the *Supplemental Declaration of Victoria L. Vreeland* submitted herewith.)

Defendants complain that the depositions should start in early August; plaintiff believes it is more realistic that they commence at the earliest in late August, given the actual status of production and discovery. This is because all the principal documents have not yet been fully produced: (1) defendants have only produced to date a half-size box of records, and the comprehensive discovery requests to defendants are due July 25th; (2) plaintiff has been gathering, preparing and producing voluminous documents to defendants; yet there are many

---

[1] Plaintiff did confer with defense with regard to a discovery plan prior to filing this motion, assuming such a conference is required; and had developed one cooperatively with defense arising from the April 26, 2007, conference.

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 2 of 6
No. C06-697 RSL
181161 v04

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

more to produce;[2] and (3) the regulatory documents in the Office of Insurance Commissioner, which are separate from those records in the possession of the Commissioner *as Receiver* of Cascade National, have been or are in the process of being produced.[3]

The parties had agreed in the April 26th conference that depositions would not commence, and would be mutually and cooperatively scheduled, after the documents were produced. Holding the depositions after realistic production dates, as plaintiff's plan proposes, is imminently reasonable and cost-effective.

As regards a deposition of Insurance Commissioner Mike Kreidler, plaintiff has previously advised defendants of the issues about noting up a deposition of a public official, and suggested to defense that other depositions be taken and then defense can determine if it needs or wants to depose the Commissioner and the parties could then address it, or bring it to the Court. Instead, defendants unilaterally noted up the Commissioner's deposition.

Plaintiff will, if necessary, file a Motion for Protective Order on this issue.[4] However, plaintiff's proposed discovery plan would avoid the costs and expenses of such a motion at

---

[2] Given the expenses involved, plaintiff cannot assume that defense will reimburse the cost for production by CD, and plaintiff has requested written confirmation from defense. An email response from defense would suffice.

[3] Defendants complain that plaintiff required a Subpoena Duces Tecum for the records of the Insurance Commissioner, and suggest that plaintiff has been "intransigent" in discovery. Plaintiff advised defendants early on that the records they desired from the Commissioner's office would be produced, cooperatively through plaintiff's counsel in this case; however, a SDT would be necessary given the separate regulatory functions of that Office. Plaintiff assisted defendants in drafting the SDT, accepted service, and have coordinated getting the records to produce to defendants. This process avoided motions practice before the Court, with potential appearances by the State Attorney General for Washington to request that a SDT be issued. Contrary to defendants' characterizations, plaintiff has been helpful and forthcoming in assisting in timely discovery by defendants from the Office of Insurance Commissioner.

[4] There is well-established case law on this issue. An agency head is generally not subject to deposition. See, e.g. Kyle Engineering Co. v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979) (heads of government agencies generally not subject to deposition); Peoples v. United States Dep't of Agriculture, 427 F.2d 561, 567 (D.C. Cir. 1970) (court has discretion to insure discovery process will not unduly burden government officials); Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12 (D. Mass. 1990). The agency head must be allowed the freedom to carry out their duties without being burdened by the interference of the discovery process. United States v. Miracle Recreation Equip. Co., 118 F.R.D. 100, 104 (S.D. Iowa. 1987). Subjecting an agency head to depositions divert attention from their official duties and functions. Capitol Vending Co. v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964). This is especially true when the information sought from the agency head is available

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 3 of 6
No. C06-697 RSL
181161 v04

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

this time while still providing discovery to defendants without any prejudice of their rights. Plaintiff's proposals to defense were reasonable and would eliminate unnecessary time, delay, and attorneys' fees, as well as court time.

Plaintiff's proposed Discovery Plan is reasonable and realistic, provides full discovery opportunity to the parties and adequate time to conclude necessary discovery prior to the case schedule deadlines. It does not prejudice the rights of defendants at all, but facilitates organized and efficient discovery. It also eliminates unnecessary costs and expenses, which is

///

---

from another source. ABC, Inc. v. United States Info. Agency, 599 F. Supp. 765, 769 (D.D.C. 1984); Community Federal Savings & Loan Ass'n v. Federal Home Loan Bank Bd., 96 F.R.D. 619, 621 (D.D.C. 1983). Here, the information sought is available from the Deputy Receiver, Marshall McGinnis, and other regulators within the Office of Insurance Commissioner who were personally involved in the matters.

Ordinarily, a party seeking to preclude the deposition of a witness must show good cause. Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 314 (S.D. N.Y. 1991). With respect to a high-level government official, however, the party seeking the deposition must show "that the deposition is necessary in order to obtain relevant information and that it would not significantly interfere with the ability of the official to carry out his governmental responsibilities." Id. (citations omitted). Moreover, depositions of top government officials may only be permitted upon a showing that the official possesses relevant, first-hand knowledge of matters that may not be available from other sources. See ABC, Inc., 599 F. Supp. at 769; Community Federal Savings & Loan Ass'n, 96 F.R.D. at 621. Further, the party seeking to depose top agency officials must show "that the information they seek is not available from depositions of other defendants or persons, or that it cannot be obtained through interrogatories or other discovery devices." Cornejo v. Landon, 524 F. Supp. 118, 122 (N.D. Ill. 1981). Here, the defendants would need to show that the Commissioner has relevant, first-hand knowledge of matters and that they cannot obtain the information they seek through the depositions of lower ranking officials or other discovery devices.

The immunity high government officials enjoy from depositions "is justified on the grounds that such officials must be allowed the freedom to perform their duties without the constant interference of the discovery process." United States v. Miracle Recreation Equip. Co., 118 F.R.D. 100, 104 (S.D. Iowa. 1987). Such depositions divert heads of government agencies from spending time on their official functions. Capitol Vending Co. v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964). "It would be oppressive and vexatious to require [heads of government agencies] to submit to an interrogation that might last several hours and that would, of course, disturb government business." Id. Accordingly, it is generally the rule "to relieve agency decision-makers from the burdensomeness of discovery [and] to allow them to spend their valuable time on the performance of official functions." Cornejo, 524 F. Supp. at 122.

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 4 of 6
No. C06-697 RSL
181161 v04

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

of particular importance in this case given the location of witnesses and records and the public nature of this action.

Dated this 20th day of July, 2007.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By: ____/s/_____
Victoria L. Vreeland, WSBA No. 08046
Donald S. Cohen, WSBA No. 12480
Daniel S. Potts, WSBA No. 32866
Attorneys for Plaintiff

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 5 of 6
No. C06-697 RSL
181161 v04

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on July 20, 2007, I electronically filed the following: (1) Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Order Establishing a Discovery Plan; (2) Supplemental Declaration of Victoria L. Vreeland in Support of Plaintiff's Motion for Order Establishing a Discovery Plan; with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Paul E. Fogarty<br>Burkett, Burdette & Fogarty PLLC<br>600 Stewart Street, Suite 1500<br>Seattle, WA 98101-1246<br>pfogarty@bbf-lawyers.com | David W. Hemminger<br>Donald L. Cox<br>Lynch, Cox, Gilman & Mahan, PSC<br>500 West Jefferson Street, Suite 2100<br>Louisville, KY 40202<br>dhemminger@lcgandm.com<br>doncox@lcgandm.com |

DATED this 20th day of July, 2007.

s/Kristin A. Larkin
Kristin A. Larkin
Assistant to Victoria Vreeland
and Donald Cohen

PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
ORDER RE DISCOVERY PLAN

PAGE 6 of 6
No. C06-697 RSL
181161 v04

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 UNIVERSITY STREET, SUITE 2100
Seattle, Washington 98101
(206) 676-7500 - FACSIMILE (206) 676-7575