UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

  v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to compel production of documents (Dkt. #93). Plaintiff, the Insurance Commissioner for the State of Washington, seeks to compel defendants to produce various financial, corporate, and accounting documents from the corporate and the individual defendants. Plaintiff alleges that defendants engaged in fraud and other misconduct to divert and retain monies due to Cascade National Insurance Company ("Cascade"), which has been placed into receivership.

For the reasons set forth below, the Court grants the motion in part and denies it in part.

ORDER REGARDING
MOTION TO COMPEL - 1

## II.  DISCUSSION

The Federal Rules of Civil Procedure permit broad discovery of information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The parties met and conferred prior to plaintiff's filing this motion but were unable to resolve the matter.[1]

### 1.     Corporate Records

From ASRC, Certified Services, Inc. and Midwest Merger Management, LLC (collectively, the "corporate entities"), plaintiff seeks information regarding stock ownership records, meeting minutes, tax returns, financial statements, accounting reports, monthly bank statements, and check copies from 2002 to 2005.  The Court finds that all of these requests are reasonably calculated to lead to the discovery of admissible evidence.  The documents could show whether defendants disregarded corporate formalities as plaintiff alleges.  The documents could also reflect financial transactions and decisions.  Defendants have not supported their objections that the requests are overly broad or unduly burdensome.  In their response to the motion, defendants note that after plaintiff filed this motion they agreed to produce documents responsive to requests 51-54.  Defendants must respond to these requests.

### 2.     Individual Tax Returns and Financial Records

Request for production 55 seeks tax returns from the individual defendants from 2002 to 2005.  Requests for production 57 and 61 seek copies of all monthly bank

---

[1] Counsel conferred by telephone on August 15, 2007, then exchanged letters and e-mails regarding the requests for production in the following days.  Declaration of Victoria Vreeland (Dkt. #94).  Although the conference *minimally* met Local Rule 37's requirement, the Court has found that parties are more likely to resolve discovery matters if they confer as the *last* step prior to filing a motion.  In the future, counsel should follow that practice.

ORDER REGARDING
MOTION TO COMPEL - 2

statements and check copies, brokerage account statements, and other investment records for each individual defendant (the "other financial documents").

As the Ninth Circuit has noted, "[t]ax returns do not enjoy an absolute privilege from discovery" although there is a public policy against their unnecessary public disclosure. Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). Some courts have used a two-part test to determine if compelling their production is appropriate; the test requires a court to find that (1) the tax returns are relevant, and (2) "there is a compelling need for the returns because the information contained therein is not otherwise readily attainable." United States v. Bonanno Organized Crime Family, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (internal citation and quotation omitted).

In this case, although defendants allege that plaintiff is on a "fishing expedition," plaintiff's motion includes a detailed and informative description of plaintiff's need for the personal financial documents. Plaintiff argues, and the Court finds, that the tax returns and other financial documents are relevant to show whether defendants collected and retained monies from third parties that were due to Cascade as plaintiff alleges. The financial documents will also assist plaintiff in tracing the funds. Those issues are relevant to plaintiff's claims for fraud, criminal profiteering, unjust enrichment, and constructive trust. The financial documents could also lead to admissible evidence regarding plaintiff's claim that defendants disregarded the corporate forms by reflecting the flow of funds between or among the defendants. To lessen defendants' privacy concerns, the Court orders that the returns and other financial information shall be treated as confidential and used only for purposes of this litigation.

Furthermore, there is no evidence or argument that plaintiff can obtain the

ORDER REGARDING
MOTION TO COMPEL - 3

information from other sources.  Defendants must therefore respond to the requests.

The Court also finds that plaintiff's requested 2002 to 2005 time period for the tax returns is appropriate.  Even though the relevant transactions did not occur until 2003, the 2002 returns will reflect the individuals' financial situation prior to the transactions and serve as benchmarks.  However, the requests for the other financial documents are not limited in time. The relevant transactions occurred in 2003 and 2004, and plaintiff has not shown that documents from earlier than 2002 or later than 2005 are reasonably calculated to lead to the discovery of admissible evidence.  Therefore, defendants must produce documents responsive to requests 57 and 61 only for the time period from 2002 to 2005.

### 3. **Payments Among the Defendants**

Plaintiff requests that all defendants produce documents regarding payments or distributions between them.  Plaintiff alleges that the defendants conspired together to defraud, including creating corporate entities to assist in the scheme.  Responsive documents could contain information regarding the financial relationships between and among the parties.  The request is therefore reasonably calculated to lead to the discovery of admissible evidence.  In their response, defendants argue that the request contains no time limitation.  However, defendants have not shown that responding to the request will be unduly burdensome or shown that the parties' relationship spans a long period of time. Also, the issue of payments among the parties is so central to plaintiff's claims that the Court will require defendants to respond to the request without any time limitation.

### 4. **Fees and Costs**

Plaintiff requests an award of its fees and costs in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) which permits an award unless the party's failure to disclose was "substantially justified."  Defendants' refusal to produce the

ORDER REGARDING
MOTION TO COMPEL - 4

1  individual's personal financial records was substantially justified.  Although the Court
2  will require production, defendants had a good faith argument that their privacy interests
3  protected the documents from production.
4  　　　　Defendants' refusal to produce documents regarding the corporate entities,
5  however, was not substantially justified.  Defendants agreed to produce documents
6  regarding the corporate entities after plaintiff filed this motion.  Their response to the
7  motion is devoid of meritorious excuses for failing to produce the documents earlier.
8  Instead, defendants note that one of the requests sought, in part, "personal" financial
9  information from the corporate entities.  Although such a request makes little sense, they
10 apparently did not address it or confirm whether it was a typographical error during the
11 discovery conference.  Similarly, defendants' notation that one of the requests duplicates
12 another does not justify their refusal to produce documents.[2]
13 　　　　Accordingly, the Court will award plaintiff half of his fees and costs in bringing
14 this motion.  Defendants shall be jointly and severally required to pay the fees and costs.
15 Plaintiff shall, within twenty days, file a statement of his reasonable fees and costs
16 incurred in filing this motion.

### III.  CONCLUSION

18 　　　　For all of the reasons set forth above, plaintiff's motion to compel (Dkt. #93) is

---

[2] Because request for production 60 duplicates request 54 with the exception that 60 is unlimited in time, defendants are not required to respond to request 60.

ORDER REGARDING
MOTION TO COMPEL - 5

GRANTED IN PART AND DENIED IN PART.

DATED this 17th day of October, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER REGARDING
MOTION TO COMPEL - 6