UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

  v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO STRIKE NEW
AFFIRMATIVE DEFENSES AND
REVISIONS TO PRIOR ANSWERS

    This matter comes before the Court on plaintiff's motion to strike the eight new affirmative defenses defendants pled in their answer to plaintiff's second amended complaint. Plaintiff contends that the new affirmative defenses far exceed the scope of the new allegations in the second amended complaint, expand the defense theories and the scope of this already complex litigation at the end of discovery, and broadly amend the answer without the Court's permission. Plaintiff also seeks to strike defendants' revisions to their prior answers.

    Plaintiff complains that defendants' answer includes revisions to paragraphs other than the ones plaintiff amended in its second amended complaint. Nor are the revisions

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 1

responsive to plaintiff's amendments. Defendants contend that the revisions merely correct errors in their previous answer and reflect new information learned in discovery. Plaintiff does not take specific issue with any of the revisions. Rather, it asserts that the revisions would be better addressed in the pre-trial order. However, it would promote certainty and efficiency to address the issue now. Moreover, even if defendants required the Court's permission to make the revisions, plaintiff has not shown any basis to deny leave to make the amendments. Accordingly, plaintiff's request to strike the revisions to various paragraphs in the answer is denied.

As for the new affirmative defenses, the parties dispute whether defendants were required to obtain the Court's permission to include them or whether they were permitted to do so as of right in response to plaintiff's second amended complaint. Federal Rule of Civil Procedure 15 does not directly address this situation. Instead, the rule provides only a time limit for pleading in response to an amended pleading. No federal appellate court has addressed whether new affirmative defenses filed in response to an amended pleading are permitted as of right or only with leave of court. Although the case law is scant, some of the few district courts that have considered the issue have explained that a defendant may not plead new counterclaims or affirmative defenses as of right unless plaintiff's amendments changed the scope or theory of the case. See, e.g., E.E.O.C. v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation"); Carr v. Hazelwood, 2008 U.S. Dist. LEXIS 81753 at *10 (W.D. Va. 2008) (explaining that the plaintiff "cannot now, as a matter of right, add a previously unmentioned

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 2

affirmative defense in response to an amended complaint that in no way changes [plaintiff's] theory of the case"); Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446-47 (E.D. Va. 2005) (explaining that an amended response "may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth or the changes in the amended complaint; noting that an amended pleading must "plead in response" to the amended pleading) (citing 3 James W. Moore, *et al.*, Moore's Federal Practice § 15.17[6] (3d ed. 1997)). Defendants rely on *Deutsch v. Health Ins. Plan of Greater New York*, which held that defendant did not need to obtain leave to file a new counterclaim in its amended answer in response to plaintiff's amended complaint. 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("We believe that an answer to an amended complaint is not itself an amended pleading"). The *Deutsch* court went on to explain, however, that its conclusion was based on the fact that defendant was not amending his original answer; "he is instead responding for the first time to new issues raised in the plaintiff's amended pleading." Id.

In this case, defendants concede that plaintiff's amendments did not change the theory or scope of the case but just "fleshed out the Plaintiff's alter ego claim." Defendants' Opposition at p. 5. Defendants' newly-raised affirmative defenses are not related to or in response to plaintiff's amendments. Rather, they are directed towards other issues. Accordingly, defendants should have sought leave of Court to assert the new affirmative defenses.

Having found that plaintiffs were not entitled to add the new affirmative defenses as of right, the Court considers whether to grant them leave to do so. It would unduly waste time and resources to strike the defenses and require them to file a motion raising

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 3

the same issues already before the Court. See, e.g., Akzenta, 464 F. Supp. 2d at 486 (finding that defendant should have sought leave to file its counterclaim, which was "not directly responsive to the changes in Akzenta's complaint" but granting leave to amend, *sua sponte*, to add the counterclaim). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The Court will analyze each of the affirmative defenses in turn.

The eleventh affirmative defense asserts discharge in bankruptcy as to defendant ASRC. Plaintiff argues that although defendants filed a notice of bankruptcy and automatic stay on behalf of Certified nearly three years ago, it has never filed a notice regarding ASRC. In the meantime, ASRC has answered the complaint and participated in defending against this lawsuit. Although defendants have unduly delayed raising a claim that ASRC is or will be discharged in bankruptcy, plaintiff has not shown that it will be prejudiced by the late-filed affirmative defense. ASRC is one of the entities consolidated in the Certified bankruptcy. Defendants also noted in a filing in November 2006 in this case that the bankruptcy forum "perhaps" was the only forum in which to litigate claims against ASRC. (Dkt. #47). Although defendants may not be able to prove a discharge as to ASRC, its consolidation in the Certified bankruptcy is sufficient to show that the defense is not futile.

The twelfth affirmative defense asserts lack of standing of plaintiff to assert claims against any party involved in the Florida bankruptcy proceeding, including CURA, Certified, and/or ASRC. To the extent that defendants assert that plaintiff is not entitled to pursue claims that belong to the bankruptcy trustee, that defense is not futile (or

contested). However, defendants have not cited any authority to show that plaintiff has waived its right to assert *direct* claims against the other defendants based on plaintiff's filing of a claim against Certified in the bankruptcy proceeding. To the extent that defendants seek to assert the latter defense, it is stricken as futile.

The thirteenth affirmative defense alleges fraudulent misrepresentation and non-disclosures by Cascade and/or Legend Holdings, and asserts a set-off against plaintiff. Defendants note that as a receiver, plaintiff steps into the shoes of Cascade and is subject to all claims that could be raised against the company. That argument, however, does not address who may bring the claims. Defendants assert fraud and misrepresentation in connection with the stock purchase agreement, but they ignore the fact that they were not parties to that agreement. As the Court explained in its prior order denying defendants' motion to assert a third party claim, defendants lack standing to assert claims based on alleged misrepresentations made to third parties. (Dkt. #81 at p. 2). The third party involved with the stock purchase agreement has not assigned any claim it might have against Cascade to defendants. Accordingly, defendants' thirteenth affirmative defense is stricken as futile.

The fourteenth affirmative defense asserts the defense of estoppel based on the alleged approval of defendants' actions by the Office of Insurance Commissioner ("OIC") and OIC's alleged failure to disclose certain information to defendants. Although the affirmative defense avers that the OIC approved some of defendants' actions, defendants' memorandum in opposition to this motion makes no such claim. Rather, it alleges that the OIC failed to disclose certain information. However, defendants have not shown that the OIC had any duty to disclose the allegedly omitted information to them. See, e.g., Kueckelhan v. Federal Old Line Ins. Co., 74 Wn.2d 304, 315 (1968) (rejecting estoppel

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 5

1 argument against the OIC and explaining that the entity protects the general public,
2 policyholders, creditors, and company owners). Defendants also note that the OIC as
3 receiver steps into the insolvent insurer's shoes. <u>Senn v. Frank Coluccio</u>, 1997 WL
4 783951 (Wash. Div. I 1997). However, the OIC's alleged omissions occurred before
5 plaintiff became the receiver for Cascade. Plaintiff persuasively argues that it is
6 unwarranted for defendants to seek relief through this action, essentially against the
7 company, for the OIC's alleged misconduct committed in its role as a regulator prior to
8 the receivership. Rather, the nature of defendants' claim against the OIC as a regulator
9 requires defendants to file a direct claim against the OIC as a state tort claim. These two
10 factors show that this defense is futile. Furthermore, defendants have unduly delayed
11 raising the defense. The facts underlying this defense were known to defendants when
12 they filed their first answer in June 2006. Allowing defendants to assert this defense now
13 would greatly expand the scope of the litigation to include pre-purchase negotiations,
14 contacts, and non-disclosures, many of which involved third parties and which are not
15 relevant to the current issues in the case. Plaintiff would be prejudiced by having to
16 conduct broad additional discovery on the issues with the discovery deadline of May 17,
17 2009 quickly approaching. For these reasons, defendants' fourteenth affirmative defense
18 is stricken.

19       The fifteenth affirmative defense asserts failure to state a claim for which relief
20 may be granted. Plaintiff contends that this affirmative defense is duplicative of the third
21 affirmative defense, and should be stricken as redundant under Federal Rule of Civil
22 Procedure 12(f). Although defendants argue that the defense is not redundant because
23 their amended answer re-ordered the affirmative defenses, both affirmative defenses three
24 and fifteen state that the complaint fails to state a claim upon which relief may be granted.
25

26 ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 6

1  Accordingly, affirmative defense fifteen is stricken as redundant.

2  The sixteenth affirmative defense asserts that plaintiff's allegations of fraud were
3  not made with particularity.  Defendants have stated that they do not object to striking this
4  affirmative defense, and it is stricken.

5  The seventeenth affirmative defense asserts that plaintiff lacks standing because
6  Cascade National is not insolvent and has sufficient funds to pay outstanding claims.
7  Plaintiff contends that its claim is for recovery of workers' compensation premiums and
8  fees due and does not depend on the solvency or insolvency of Cascade.  Cascade has
9  been ordered into a receivership by a court, and defendants had notice of that order.
10 Defendants did not respond to plaintiff's arguments or otherwise support this affirmative
11 defense.  Accordingly, it is stricken.

12 The eighteenth affirmative defense asserts issue preclusion and/or *res judicata*.
13 Defendants contend that pursuant to the January 16, 2008 Order Confirming Plan of
14 Liquidation by the Florida bankruptcy court, all assets of the consolidated Certified estate
15 were transferred into a bankruptcy trust and all creditors, including plaintiff, were
16 enjoined from interfering with the assets of the estate.  Plaintiff argues that the defense is
17 unnecessary because it is not pursuing or interfering with any of Certified's assets.
18 Although that may be true now, the situation could change, particularly because plaintiff
19 continues to assert claims against Certified.  Accordingly, this defense is not futile as to
20 Certified.  Defendants, however, have not shown that this defense applies to plaintiff's
21 claims against the other defendants, so it is stricken as to them.

22 For all of the foregoing reasons, plaintiff's motion to strike (Dkt. #135) is
23 GRANTED IN PART AND DENIED IN PART.  Plaintiff's request to strike defendants'
24 revisions to their prior answers is denied, as is their request to strike new affirmative

25

26 ORDER GRANTING IN PART AND
   DENYING IN PART MOTION TO STRIKE - 7

1 defense 11. Plaintiff's request to strike affirmative defenses 13-17 is granted. Its request
2 to strike affirmative defenses 12 and 18 is granted in part and denied in part as set forth
3 above.

DATED this 2nd day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE - 8