UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL DEPOSITION

This matter comes before the Court on defendants' motion to compel plaintiff to produce a Federal Rule of Civil Procedure 30(b)(6) designee to testify regarding the content of and all documents supporting a one-page damages summary attached to the Declaration of Lai Morrell in support of plaintiff's motion for partial summary judgment (the "damages statement"). Plaintiff filed the damages statement on December 16, 2008, after the November 2, 2008 discovery deadline had passed.

After plaintiff filed the damages statement, defendants filed a motion to continue the trial date based on Danny Pixler's unavailability for the scheduled March 2, 2009 trial. The Court granted the motion and continued the trial date, then continued it again to October 5, 2009 based on a stipulation of the parties. Plaintiff subsequently filed a

1 motion for a protective order contending that the Court erroneously extended deadlines
2 that had already passed, including the discovery deadline. The Court granted the motion
3 and struck the new deadlines, including the June 7, 2009 discovery deadline.

4 Because the discovery deadline has passed, defendants may conduct the deposition
5 only if the Court grants them an extension to do so. The Court can alter the discovery
6 deadline only upon a showing of good cause. See Minute Order Setting Trial Date and
7 Related Dates. On one hand, this case has been pending since 2006 and the parties have
8 had ample time to meet the previously-set deadlines. Defendants were provided with
9 other damages calculations and the documents underlying the damages statement months
10 before the discovery deadline, but they did not conduct a 30(b)(6) deposition in a timely
11 manner. On the other hand, defendants did not have the damages statement until after the
12 discovery deadline. Although they had similar calculations, the damages statement
13 includes a different amount allegedly due than previously provided. It does not include
14 an explanation for the differences. Moreover, plaintiff does not argue that the deposition
15 topics are unduly burdensome. Nor has he shown that he will suffer prejudice if the
16 Court permits the deposition, particularly because the trial date has been extended to
17 October 5, 2009. In contrast, defendants could face unnecessary surprise at trial if they
18 are unable to learn the basis for the damages statement.

19 Accordingly, the Court GRANTS IN PART defendants' motion (Dkt. #180).
20 Defendants may conduct a Rule 30(b)(6) deposition regarding the damages statement. To
21 the extent that plaintiff has already produced copies of documents that support the
22 damages statement, he is not required to produce a second copy of them. Nor will the
23 Court require the deponent to identify all supporting documents by Bates number. That
24 request would have been better addressed through timely written discovery. If defendants

have received copies of all of the underlying documents as plaintiff contends, then they should be able to locate the relevant documents if the deponent describes them.

DATED this 4th day of May, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO COMPEL DEPOSITION - 3