THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER, Insurance Commissioner for the State of Washington and as Receiver for Cascade National Insurance Company, in Liquidation,<br><br>Plaintiff,<br><br>v.<br><br>DANNY L. PIXLER and ROXANN PIXLER, individually and their marital community; ANTHONY HUFF and SHERI HUFF, individually and their marital community; MIDWEST MERGER MANAGEMENT, LLC, et. al.,<br><br>Defendants. | No. C06-697 RSL<br><br>DEFENDANT DANNY L. PIXLER'S MOTION IN LIMINE REGARDING ER 404(B)- CONVICTION UNRELATED TO CASCADE<br><br>NOTE ON MOTION CALENDAR:<br>September 17, 2009<br><br>ORAL ARGUMENT REQUESTED |

I. **RELIEF REQUESTED**

Defendant Danny L. Pixler respectfully requests that the court, before trial and before jury selection, issue an order excluding the evidence and testimony as set out below and

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 1

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

instructing the plaintiff, co-defendants, their respective attorneys and witnesses not to directly or indirectly mention, refer to, interrogate concerning, suggest, argue or attempt to convey to the jury in any manner, without first obtaining the permission of the court outside the presence and hearing of the jury, and further instructing the plaintiff's attorney and co-defendants' attorneys to warn and caution the plaintiff, co-defendants and each of their respectively witnesses to strictly follow any order entered in connection with this motion to exclude:

(1) any testimony or references to the case of *U.S.A. v. Danny Pixler*, (08-60171-CR-ZLOCH) in the United States District Court in the Southern District of Florida; (2) statements made during the plea bargaining process resulting in the criminal judgment in *U.S.A. v. Danny Pixler*; (3) Exhibit 97 to Plaintiff's Pretrial Statement (Judgment in a Criminal Case, *U.S.A. v. Danny Pixler*; (4) Exhibit 91 to Plaintiff's Pretrial Statement (Indictment in a Criminal Case, *U.S.A. v. Danny Pixler*), (5) Exhibit 93 to Plaintiff's Pretrial Statement (Superceding Information, *U.S.A. v. Danny Pixler*), and (6) Exhibit 96 to Plaintiff's Pretrial Statement (Transcript of Sentencing, *U.S.A. v. Danny Pixler* (collectively referred to hereafter as "the Judgment").

## II. ISSUE PRESENTED

Whether Pixler's motions in limine to exclude the introduction of certain evidence, testimony, references, comments and arguments at trial as listed above should be granted.

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 2

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

## II. EVIDENCE RELIED ON

Defendant Pixler relies on the Declaration of Diana Dearmin and the pleadings and documents on file in this case with the court.

## III. AUTHORITY AND ARGUMENT

In April 2009, Defendant Pixler pled guilty to wire fraud as the result of a plea agreement in the case of *U.S.A. v. Danny Pixler*, (08-60171-CR-ZLOCH) in the United States District Court in the Southern District of Florida. Pursuant to the plea agreement, Pixler signed a Statement of Facts, agreeing that it was an accurate recitation of the facts upon which the plea agreement was based. In summary, these facts are: (1) Pixler was President of Certified Services and its subsidiary CURA; (2) CURA was a PEO offering workers compensation insurance and other employment services to client companies; (3) CURA's workers compensation carrier unilaterally refused to renew its polices after June 2003; (4) during the following year, CURA was unable to find a replacement carrier, but CURA continued to collect premiums; and (5) as a result, while some workers compensation claims were paid, the claims of several workers were not paid. Significantly, *none of the charges or admitted facts arise from any allegations involving Cascade.*

**A. Evidence Relating To Pixler's Judgment Should Be Excluded As Irrelevant Under FRE 402.**

Evidence that is not relevant is inadmissible. FRE 402. Evidence is relevant if it tends to make the existence of any consequential fact more or less probable. FRE 401.

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 3

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

Following this court's order granting, in part, and denying in part, Defendants' Motion for Summary Judgment, six of Plaintiff's claims remain to be litigated. Each of these claims is addressed below. With respect to the remaining claims, the evidence contained the Judgment is irrelevant and, therefore, inadmissible under FRE 402.

**1. <u>Breach of Contract</u>: Promissory estoppel based on Pixler's alleged promise that Midwest would assume the ASRC's liabilities.**

The Judgment does not mention or reference Cascade or ASRC or any other facts even tangentially related to Cascade or its failure. It does not mention or reference any facts that tend to show whether Pixler made an alleged promise to Cascade or its agents that Midwest would assume ASRC's liabilities with respect to Cascade.

**2. <u>Breach of Contract</u>: Promoter liability based on ASRC's alleged breach contract with Cascade.**

The Judgment is of no probative value on the question of whether ASRC was incorporated when the alleged contract between ASRC and Cascade was entered into or, if it was not incorporated, whether the parties had actual knowledge of that fact when the alleged contract was entered into. The Judgment neither mentions nor references Cascade, ASRC, the alleged contract between Cascade and ASRC, the date of incorporation, the date the alleged contract was executed, or what the various parties were aware of and intended during the negotiations leading to the alleged contract between Cascade and ASRC.

**3. <u>Intentional and Negligent Misrepresentation</u>: Pixler allegedly had a duty to disclose Huff's involvement in Midwest and allegedly failed to disclose it before Cascade issued workers compensation coverage to Cascade.**

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 4

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

The Judgment does not mention or reference Cascade, ASRC, Midwest, Anthony Huff, Harold Anderson, or any of the agents representing the parties during the negotiations leading up to Cascade issuing workers compensation coverage to ASRC. Nor does the Judgment allege facts related to the time and place these negotiations occurred, communications between the parties, the due diligence performed by them, or any other facts that help determine when the agents of Cascade knew or should have known about the ownership and function of Midwest and the role of Huff.

**4. Theft of Premiums and Fees from Cascade:** Pixler and the other defendants allegedly used Midwest as a vehicle to allegedly take premiums owed Cascade for personal gain.

The Judgment does not mention or reference any acts on the part of Pixler to use Midwest as a vehicle to allegedly take premiums owed Cascade for personal gain. The fact that CURA continued to collect premiums while Pixler sought out a substitute insurer is, at best, only tangentially related to the Cascade claim.

**5. Civil Conspiracy and Criminal Profiteering:** Pixler and the other defendants allegedly used Midwest as a vehicle to distribute large sums of money for personal gain.

For the same reasons articulated in subpart (4), the Judgment is irrelevant to the claims of civil conspiracy and criminal profiteering and should be excluded under FRE 402. In addition, to the extent that plaintiff intends to refer to the Judgment to attempt to show that Pixler engaged in a criminal act, an element of criminal profiteering, it is inadmissible under FRE 404(a).

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 5

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400  F: 206.826.9405

**6. Violation of the Consumer Protection Act (CPA):** Pixler allegedly engaged in an unfair or deceptive business practice that alleged caused injury to Cascade and allegedly affected the public interest.

The Judgment neither mentions nor references Cascade or any business practice analogous to the events that transpired before Cascade's entry into receivership. There is no mention of any fact showing a public interest arising from the relationship between Pixler, Certified, Midwest, and Cascade or any fact illuminating the business practice between these entities. The fact that CURA continued to collect premiums while Pixler sought a substitute insurer does not make it any more probable that the arrangement to pay Cascade's premiums through Midwest was a deceptive business practice, that this practice caused injury to Cascade, or that it harmed the public interest.

Based on the foregoing, the Judgment is not relevant to *any* of the claims alleged against Pixler and, therefore, any reference to it should be excluded pursuant to FRE 402.

**B.    Evidence Relating To The Judgment Is Inadmissible Due To Extreme Prejudice, Confusion To The Jury, And Waste Of Time Under FRE 403.**

Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. FRE 403.

Evidence that Pixler has been judged guilty of a crime and is serving a sentence pursuant to a plea agreement, presents an extreme danger of prejudice, far outweighing the probative value of the evidence. There is a high risk that the jury will prejudge Pixler based

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 6

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

on the Judgment and the resulting incarceration that allegedly occurred during the operation of Certified Services, even though the alleged criminal activity was entirely unrelated to the factual issues presented in this case.

This is a very complex case. The introduction of another complex factual situation involving business entities wholly unrelated to plaintiff's claims will result in needless confusion of the issues, possibly misleading the jury with respect to the issues presented, the relevant evidence, and the relevant parties. Finally, if any evidence related to Pixler's Judgment is admitted at trial, Pixler will be forced to confront allegations not subject to discovery in this or any other trial, and the necessity to produce witnesses and other evidence to counter the Judgment's prejudicial effect -- in effect, a trial within a trial. Therefore, admission of evidence relating to the Judgment will unduly prolong this trial and waste judicial resources. Because the probative value of the Judgment is so minimal, the prejudicial danger is so great, and other evidence is available to Plaintiff regarding all of the elements of its claims, evidence related to the Judgment should be excluded pursuant to FRE 403.

### C. Evidence Relating To The Judgment Is Inadmissible As Evidence Of Character Under FRE 404(b).

Evidence of other crimes, wrongs, or acts is inadmissible for purposes of proving the character of a person in order to show action in conformity therewith. FRE 404(b). This rule applies to both civil and criminal proceedings and is based upon an assumption that such character evidence is of slight probative value, yet very prejudicial. *Reyes v. Missouri Pac. R.*

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 7

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

Co., 589 F.2d 791 (5th Cir. 1979). Therefore, all evidence related to the Judgment is inadmissible to the extent Plaintiff intends to offer it as evidence of criminal character and subsequent action by Pixler in conformity therewith.

**D. Evidence Relating To Pixler's Guilty Plea Is Not Admissible Under The Exception To Rule 404(B).**

The Ninth Circuit has adopted a five-part test to analyze the admissibility of evidence of a prior crime for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident:

> (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged. . . . [E]ven if all four conditions are met, the evidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice.

*United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400-01 (9th Cir. 1991) (citing *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989));(internal citations omitted).

Regarding the 4th part of the test, the court cited *Miller* and explained:

> [I]f a person commits a second crime in order to cover up the first, proof of the first crime may be used to show motive for the second even though the crimes are dissimilar. On the other hand, when prior crimes are used to establish 'identity, *modus operandi*, or absence of mistake or accident,' such evidence simply lacks probative value unless it is sufficiently similar to the subsequent offense.

*Id.*

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 8

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

Evidence related to Pixler's Judgment is inadmissible under this test because it does not satisfy parts (1), (3), and (4), and because it is more prejudicial than probative.

**1. The evidence does not tend to prove any material element alleged by Plaintiff.**

As argued in section A, above, the Judgment does not tend to prove any material element of the various claims alleged against Pixler.

**2. There is insufficient evidence to support a finding that Pixler committed wire fraud.**

Pixler pled guilty to wire fraud. The elements of wire fraud are 1) a scheme to defraud 2) perpetrated with use of the wires 3) with intent to defraud. 18 U.S.C. § 1343. There was no trial, no evidence introduced, no jury verdict predicated on such evidence, and no opportunity for Pixler to confront his accuser with the assistance of counsel. The United States did not prove, and has not proven, that Pixler's actions satisfied the statutory elements of wire fraud. At most, the Judgment evidences an agreement between Pixler and the United States whereby he would plead guilty and acknowledge that the Statement of Facts as true. There is insufficient evidence contained therein to lead a reasonable person to conclude that Pixler committed wire fraud, especially with regard to the required element of criminal intent.

**3. The crime alleged in the Judgment is not at all similar to the allegations in this case.**

Plaintiff alleges, in simple terms, that Pixler, Huff and Midwest engaged in a fraudulent scheme to skim premiums owed to Cascade for alleged personal gain by flowing the

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 9

DEARMIN|FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

premium dollars through Midwest. In stark contrast, the Statement of Facts in *US v. Pixler* shows, at most, that CURA continued to accept premium payments from its client businesses for a period of a year before filing for bankruptcy, during which time Pixler was unable to obtain substitute workers compensation coverage. Nothing in this fact pattern evidences any intent on the part of Pixler to skim or steal premiums, as alleged here. In fact, the entire issue in *US v. Pixler* was the *lack* of an insurer, not an alleged scheme to refuse to pay an insurer.

Plaintiff is attempting to prove Pixler intended to defraud Cascade as a part of a fraudulent scheme, and therefore evidence of any prior crime proffered by Plaintiff must be a similar in *modus operandi*. The crime to which Pixler pled guilty and the facts upon which the plea agreement was based, are not similar in any respect to the alleged fraudulent scheme upon which Plaintiff's claims of fraud, civil conspiracy, and criminal profiteering are based.

**4. Evidence that Pixler pled guilty to wire fraud and is incarcerated is highly prejudicial and not probative of the issues.**

As discussed in Part B, Pixler's Judgment and subsequent incarceration are highly prejudicial and substantially outweigh their probative value.

For all the reasons stated above, any evidence, testimony and any reference to the case of *U.S.A. v. Danny Pixler*, (08-60171-CR-ZLOCH) in the United States District Court in the Southern District of Florida should be excluded under FRE402, 403, and 404.

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 10

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

1  DATED this ___8th___ day of September, 2009.

2

3                                       DEARMIN|FOGARTY PLLC

4                                       S\

                                        _____
5                                       Paul E. Fogarty, WSBA No. 26929
                                        Diana M. Dearmin, WSBA No. 23396
6                                       Dearmin |Fogarty PLLC
                                        600 Stewart Street, Suite 1200
7                                       Seattle, WA  98101
                                        Tel: (206) 441-0172
8                                       Fax: (206) 826-9405
                                        Email: pfogarty@dearminfogarty.com

9

10

11

12

13

14

15

16

17

18

19

20

21

DEFENDANT PIXLER'S MOTION IN LIMINE
REGARDING EVIDENCE OF CONVICTION - 11

DEARMIN|FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400  F: 206.826.9405