THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER, Insurance Commissioner for the State of Washington and as Receiver for Cascade National Insurance Company, in Liquidation,<br><br>Plaintiff,<br><br>v.<br><br>DANNY L. PIXLER and ROXANN PIXLER, individually and their marital community; ANTHONY HUFF and SHERI HUFF, individually and their marital community; MIDWEST MERGER MANAGEMENT, LLC, et. al.,<br><br>Defendants. | No. C06-697 RSL<br><br>DEFENDANT DANNY L. PIXLER'S MOTIONS IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br>September 17, 2009<br><br>ORAL ARGUMENT REQUESTED |

## I. RELIEF REQUESTED

Defendant Danny L. Pixler respectfully requests that the court, before trial and before jury selection, issue an order excluding the evidence and testimony as set out below and

instructing the plaintiff, co-defendants, their respective attorneys and witnesses not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, any of the issues set out below without first obtaining the permission of the court outside the presence and hearing of the jury, and further instructing the plaintiff's attorney and co-defendants' attorneys to warn and caution the plaintiff, co-defendants and each of their respectively witnesses to strictly follow any order entered in connection with these motions to exclude:

1. Any reference to offers to settle or compromise under ER 408.

2. Any argument alleging that Pixler obtained, converted, stole, or in any way came into possession of any money, from Certified Services, Certified Service's subsidiary PEOs, or Midwest Merger Management that was owed to Cascade.

3. Any arguments or inferences at trial based on the fact that defendant will not appear or testify on his own behalf.

4. Any reference to defendant's assets or financial ability to pay a judgment.

5. Any reference by any counsel concerning their personal beliefs as to their client's credibility.

6. The fact that this motion has been filed.

Pixler expressly joins in the motions in limine filed by defendants Huff and Midwest Merger Management and incorporates them by reference herein.

DEFENDANT PIXLER'S MOTIONS IN
LIMINE -2

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

## II. STATEMENT OF FACTS

The court is familiar with the factual allegations and issues in this case by virtue of having ruled on the Motion to Dismiss and cross Motions for Summary Judgment. Accordingly, the facts are referenced, as necessary, in each motion in limine below.

## III. ISSUES PRESENTED

Whether Pixler's motions in limine to exclude the introduction of certain evidence, testimony, references, comments and arguments at trial as listed above should be granted.

## IV. EVIDENCE RELIED ON

Defendant Pixler relies on the Declaration of Diana M. Dearmin and the attached exhibits, the pleadings and documents on file with the court.

## V. AUTHORITY

**A. References To Offers To Compromise And Conduct/Statements Made In Negotiations.**

Any offers to compromise and conduct or statements made in compromise negotiations regarding the case by Pixler are inadmissible under FRE 408.

FRE Rule 408 provides in relevant part:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

DEFENDANT PIXLER'S MOTIONS IN
LIMINE -3

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400 F: 206.826.9405

(2) conduct or statements made in compromise negotiations regarding the claim. . . .

### B. Any Reference To Allegations That Pixler Obtained Money To Which He Allegedly Had No Legal Right.

Plaintiff asserts in its pretrial statement that all premiums collected by ASRC under the Cascade/ASRC workers compensation program were paid over to Midwest Merger Management, Inc. Plaintiff apparently is not alleging that money owed to Cascade was diverted to Pixler. Any money paid to Pixler from third parties, unrelated to Cascade, is irrelevant to this action under FRE 402. There is no evidence that any money that was intended for or owed to Cascade was diverted to Pixler. Under FRE 403, to allow plaintiff to argue, infer or suggest otherwise would be unfair and extremely prejudicial where there is simply no evidence that Pixler received money intended for Cascade and would require a trial within a trial on extraneous matters.

Moreover, the gravamen of plaintiff's case arises from the failure of Cascade. But Cascade was already on the brink of collapse before the defendants ever became involved with Cascade. Any money received by Pixler from third parties did not lead to the failure of Cascade so relatedly, there is no proximate cause between any payments to Pixler and alleged damages to Cascade.

### C. Any References, Arguments Or Inferences Based On The Fact That Pixler Will Not Appear Or Testify On His Own Behalf.

It would be extremely prejudicial for plaintiff to suggest, argue or imply that Pixler is somehow liable in this case based on his not appearing or testifying at trial. Any argument or

suggestion to this effect would be an improper attempt by plaintiff to backdoor its way into revealing to the fact finder that Pixler is the subject of a criminal conviction and/or incarcerated since plaintiff knows that this is the reason for Pixler's nonappearance at trial.

### D. Any Reference To Pixler's Assets Or Financial Ability To Pay A Judgment.

Pixler's assets and ability to pay a judgment are not at issue in this litigation. Any evidence presented on this issue would be exceedingly more prejudicial than probative and should be excluded under FRE 403.

### E. Any Reference By Any Counsel About Their Personal Belief As To Their Client's Credibility.

Pursuant to FRE 608 and RPC 3.4(f), the court is asked to prohibit any statement by any counsel about their personal beliefs about their client's credibility.

### F. Any Reference To The Filing Of Motions In Limine.

The disclosure to the jury of the fact that has Pixler has moved to have certain evidence restricted from being brought before the jury would be prejudicial to Pixler. Accordingly, the court is asked to order that the plaintiff, co-defendant, their attorneys and witnesses make no reference, suggestion or inference relating to the fact that the Pixler brought these motions. *See, e.g., Texas Employers Insurance Assoc. v. Phillips*, 255 S.W. 2d 364 (Tex. App. 1953).

DATED this  8th  day of September, 2009.

DEARMIN | FOGARTY PLLC
600 Stewart Street, Suite 1200
Seattle, WA 98101-1232
P: 206.826.9400  F: 206.826.9405

| | |
|---|---|
| 1 | DEARMIN\|FOGARTY PLLC |
| 2 | \s |
| 3 | _____ |
|  | Paul E. Fogarty, WSBA No. 26929 |
|  | Diana M. Dearmin, WSBA No. 23396 |
| 4 | Dearmin \|Fogarty PLLC |
|  | 600 Stewart Street, Suite 1200 |
| 5 | Seattle, WA  98101 |
|  | Tel: (206) 441-0172 |
| 6 | Fax: (206) 826-9405 |
|  | Email: pfogarty@dearminfogarty.com |