UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

    v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* REGARDING DEFENDANTS' EXPERT WITNESSES

This matter comes before the Court on plaintiff's motion *in limine* to preclude the introduction of the opinions of defendants' experts, Wayne Stratton and Cassandra Undlin. At the parties' request, the Court heard oral argument in this matter on April 12, 2010. For the reasons set forth below, the motion is granted.

**A.     Defendants' Expert Wayne Stratton.**

Defendants plan to introduce the expert opinion of Wayne Stratton, a CPA, certified forensic accountant, and a certified fraud examiner. In his report, Stratton states that his "objective was to summarize payments made to Midwest by or on behalf of Cascade and the corresponding disbursement by Midwest for the benefit of Cascade." Declaration of Victoria Vreeland (Dkt. #218) ("Vreeland Decl."), Ex. A.

ORDER GRANTING MOTION *IN LIMINE*
REGARDING DEFENDANTS' EXPERT WITNESSES - 1

1  Plaintiff contends that Stratton's expert report does not meet the minimum
2 threshold reliability standard of Federal Rule of Evidence 702, which provides that a
3 witness may testify as an expert about a topic if (1) the testimony is based upon sufficient
4 facts or data, (2) the testimony is the product of reliable principles and methods, and (3)
5 the witness has applied the principles and methods reliably to the facts of this case.  In his
6 expert report, which comprises approximately one page, Stratton opined that "Midwest
7 has paid the claims for Cascade that it obtained funds to pay from CSRV/CURA/ASRC."
8 Vreeland Decl., Ex. A.  His opinion is based on two pieces of data: (1) a QuickBooks disc
9 "containing the general ledger activity of Midwest from January 1, 2003 to December 31,
10 2005," and (2) an "ASRC Disbursement Summary" which Stratton "obtained from
11 counsel."  Id.

12  Both pieces of data are problematic.  Stratton's report contains no evidence that the
13 Midwest QuickBooks ledger is reliable.  In contrast, the record in this case contains
14 ample evidence that it is not.  According to Midwest's Chief Financial Officer, the
15 QuickBooks ledger was not maintained in accordance with good accounting practices.
16 Declaration of Victoria Vreeland, (Dkt. #147), Ex. E at p. 168.  Midwest's bookkeeper
17 placed all revenue and all disbursements into the same account.  Id.  Because of the
18 irregularities, Midwest's own CFO could not "make sense" out of the QuickBooks.  Id. at
19 p. 179.  The QuickBooks ledger was significantly revised years after the entries were
20 made when Midwest's financial records were subpoenaed.  Id. at pp. 185-86.  Despite the
21 lack of reliability of the QuickBooks, Stratton's report accepts them as if they are
22 accurate.

23  Even if there were sufficient evidence to show that the QuickBooks contain
24 reliable data, there is no evidence that the Disbursement Summary "from counsel" has

ORDER GRANTING MOTION *IN LIMINE*
REGARDING DEFENDANTS' EXPERT WITNESSES - 2

any indicia of reliability.  It is not a document created in the ordinary course of business. It is not authenticated.  Although Stratton claims to have received the document from defense counsel, defense counsel did not provide a declaration supporting that assertion or providing any foundation for the data therein.  Even if he had, defense counsel is not a witness, and presumably, does not plan to be a witness at trial.  No one has come forward to explain how the Disbursement Summary was created.  Without any basis to evaluate its creation or underlying data, the Court cannot conclude that the Disbursement Summary contains reliable data.  Nor is there any evidence that Stratton sought to verify the information presented to him.  Because of its reliance on unreliable data, Stratton's opinion is not based upon sufficient facts or data as required by Federal Rule of Evidence 702.

Defendants counter that the expert opinion is admissible even if the Disbursement Summary itself is not.  They note that Federal Rule of Evidence 703 provides that the underlying facts and data need not be admissible "[i]f [it is] of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject."  In this case, there is no evidence that an unauthenticated summary – created by counsel for purposes of litigation – is something on which an expert would normally rely.  Any such assertion is contrary to common sense.[1]

Defendants contend that the lack of indicia of reliability of the data goes to the

---

[1] The fact that Stratton developed his opinion solely for purposes of this litigation further undermines his reliability.  See, e.g., Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1317 (9th Cir. 1995) (explaining that, in considering whether to admit expert opinions, courts should consider whether experts are "proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying.").

ORDER GRANTING MOTION *IN LIMINE*
REGARDING DEFENDANTS' EXPERT WITNESSES - 3

weight of Stratton's opinion, not its admissibility. Federal Rule of Evidence 702, however, counsels otherwise. Moreover, this Court must perform its "gatekeeper" role, which includes excluding an expert opinion that is based solely on data devoid of any indicia of reliability. See, e.g., Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (explaining that courts have "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."). Accordingly, Stratton's opinion is inadmissible because it is not based upon sufficient facts or data as required by Federal Rule of Evidence 702. Because the Court finds that Stratton's report should be excluded on that basis, it need not consider plaintiff's additional arguments regarding its admissibility.

**B.    Defendants' Expert Cassandra Undlin.**

Plaintiff seeks to exclude the expert testimony of Cassandra Undlin of Strategic Opportunity Solution. Although it appears that her resume was originally appended to her report, it was not included in the copy filed in the record, and the record does not include other information about her qualifications. Nevertheless, because plaintiff focuses his objections on the content of her opinions rather than her qualifications, the Court will do the same.

Plaintiff contends that Undlin's opinions relate only to affirmative defenses that the Court has stricken. Defendants contend that prior to the sale of Cascade to a third party, Cascade's former president and CEO, Harold Anderson, misrepresented and failed to disclose various facts to the purchasing entity and to Danny Pixler. Because plaintiff claims that those matters should be excluded, he requests that the Court prohibit Undlin from testifying about them. The Court has held by separate order that defendants are precluded from introducing evidence regarding Cascade and Anderson's alleged

1  misrepresentations in connection with the sale of the company.  Because Undlin's
2  testimony is based on the excluded evidence, her testimony must be excluded as well.
3       Even if it were otherwise admissible, Undlin's testimony presents two additional
4  problems.  First, in her report, Undlin offers legal conclusions, including repeatedly
5  stating that certain statements and omissions constituted a "material misrepresentation."
6  Vreeland Decl., Ex. B.  The Court will not permit Undlin to testify regarding legal
7  conclusions.  Second, Undlin frequently opines that if a "reasonable person" had known
8  of the facts that Cascade and Anderson allegedly omitted or misrepresented, that person
9  would not have purchased Cascade.  Undlin's report does not state a foundation for that
10 opinion, which is speculative.  Furthermore, the jury can make its own determination
11 regarding what a reasonable person might do.  Accordingly, the Court will not permit
12 Undlin to testify.
13      For all of the foregoing reasons, plaintiff's motion *in limine* regarding defendants'

ORDER GRANTING MOTION *IN LIMINE*
REGARDING DEFENDANTS' EXPERT WITNESSES - 5

1 | expert witnesses (Dkt. #217) is GRANTED.[2]

DATED this 14th day of April, 2010.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER GRANTING MOTION *IN LIMINE*
REGARDING DEFENDANTS' EXPERT WITNESSES - 6