UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

           Plaintiff,

    v.

DANNY L. PIXLER, *et al.*,

           Defendants.

Case No.  C06-0697RSL

ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS *IN
LIMINE* REGARDING CRIMINAL
AND SEC MATTERS

This matter comes before the Court on defendant Danny Pixler's motions *in limine* to preclude four categories of evidence related to alleged prior wrongs: (1) Pixler's criminal plea of guilty to the crime of conspiracy to commit wire fraud, (2) documents and testimony regarding a proceeding by the United States Securities and Exchange Commission ("SEC") in the United States District Court for the Southern District of Florida against Pixler and Huff, (3) expunged charges against Pixler arising out of a California corporate bankruptcy filing, and (4) "any other civil or criminal matters in which Pixler is or was a party," with the exception of Certified's bankruptcy proceeding. Motion at p. 2. At the parties' request, the Court heard oral argument in this matter on April 12, 2010.

Pixler contends that evidence regarding all four matters is inadmissible under Federal Rule of Evidence 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

While Pixler contends that evidence of alleged prior wrongs is part of a "smear campaign" against him, plaintiff argues that the evidence is relevant and admissible.

## A.     Criminal Conviction.

In April 2009, Pixler pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.  Subsequently, he was sentenced to five years in prison, and he is currently serving that sentence.  Pixler requests that the Court exclude any testimony or reference to the case of *United States v. Pixler*, 08-60171-CR-ZLOCH, which was adjudicated in the United States District Court for the Southern District of Florida.  In plaintiff's pretrial statement, he identifies several documents from that matter that he apparently will seek to introduce in the trial in this case, including: (1) statements made during the plea bargaining process, (2) the judgment, (3) the indictment, (4) the superceding information, and (5) the transcript of the sentencing.  Pixler contends that none of the information or documents is relevant in this case.

The Court considers the documents relevant and admissible.  Plaintiff argues that evidence regarding the prior conviction is relevant because it bears on Pixler's credibility.  Federal Rule of Evidence 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."  The Court may not exclude evidence that is admissible under Rule 609(a)(2) even if it is prejudicial.  See, e.g., Green v. Bock

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
*IN LIMINE* REGARDING CRIMINAL AND SEC MATTERS - 2

1   Laundry Mach. Co., 490 U.S. 504, 526-27 (1989).  Although Pixler contends that his

2   guilty plea was a tactical choice, not a conviction, the law does not support his contention.

3   See, e.g., Boykin v. Alabama, 395 U.S. 238, 242 (1969) (explaining that a plea is "itself a

4   conviction").  Pixler contends that the crime of conspiracy to commit wire fraud does not

5   involve an act of dishonesty or false statement by him.  Wire fraud involves a false

6   statement because misrepresentation is an element of the crime.  See, e.g., United States

7   v. Pritchard, 773 F.2d 873, 876 (7th Cir. 1985).  The crime of conspiracy involves

8   dishonesty or a false statement.  84 ALR5th 487 at p. 617 (citing Hebert v. Hartford Ins.

9   Co. of the Midwest, 649 So. 2d 631, 633 (La. Ct. App. 3d Cir. 1994) (affirming trial

10  court's denial of a request to exclude a guilty plea; stating that crimes involving

11  conspiracy "clearly involve dishonesty or false statement")).  Moreover, the crime of

12  conspiracy to commit wire fraud involves dishonesty because the conspirators conspired

13  to commit fraud.  During the criminal proceeding, Pixler's counsel stated that Pixler

14  "provided representations to his clients that they were going to be receiving insurance for

15  state workers' comp.  However, he was not providing that."  Declaration of Donald

16  Cohen (Dkt. #232), Ex. D.  Evidence of the prior conviction is therefore admissible under

17  Federal Rule of Evidence 609(a)(2) for impeachment purposes.

18      Even if the conviction were not admissible under Rule 609, it would be admissible

19  under Rule 404(b), which provides that evidence of prior crimes may be admissible for

20  other purposes, including proving motive, opportunity, preparation, and plan.  The prior

21  conviction is relevant to Pixler's motives because it shows that defendants sought out

22  Cascade because they were in urgent need of another insurer.  The prior conviction also

23  shows preparation, plan, knowledge, and absence of mistake or accident because in both

24  instances, Pixler allegedly collected workers' compensation premiums from clients and

25

26  ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
    *IN LIMINE* REGARDING CRIMINAL AND SEC MATTERS - 3

1   diverted the premiums.

2   **B.     SEC Matter.**

3          Pixler seeks to exclude evidence and testimony regarding the matter of <u>SEC v.</u>

4   <u>Huff, et. al.</u>, including a Litigation Release on the SEC's website that states, "Pixler

5   consented to entry of the judgment without admitting or denying any of the allegations in

6   the complaint." Pixler's Motion at p. 4. The Litigation Release also references the fact

7   that on May 7, 2008, a district judge in the United States District Court for the Southern

8   District of Florida entered a final judgment of permanent injunction against Pixler.

9   Declaration of Diana Dearmin (Dkt. #222), Ex. 1.

10         Pixler contends that the Litigation Release is neither authenticated nor relevant.

11  The record contains very little evidence about the SEC matter or the SEC's allegations

12  against Pixler. Plaintiff has not listed any potential trial witnesses from the SEC to testify

13  regarding the document and SEC matter. In addition to the paucity of information,

14  plaintiff has not explained how the 2008 injunction is relevant to the wrongdoing in this

15  case, which primarily occurred in 2004 and 2005. For example, although the injunction

16  apparently precluded Pixler from holding a position as an officer or a director of certain

17  corporations, there is no evidence that he did so after the injunction was issued. In

18  addition to the minimal showing of relevancy, introduction of the Litigation Release

19  would be unduly prejudicial and potentially confusing for the jury. For those reasons, the

20  Court will exclude it.

21  **C.     California Bankruptcy Matter.**

22         Pixler seeks to exclude any testimony, evidence, or reference to expunged charges

23  against him arising out of a California corporate bankruptcy filing in which, he contends,

24  the bankruptcy attorney failed to release checks for payment by the corporate debtor.

25

26  ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
    *IN LIMINE* REGARDING CRIMINAL AND SEC MATTERS - 4

Plaintiff has not identified any documents or testimony he seeks to present regarding the matter, so it appears that the issue is moot.  Regardless, because the conviction was expunged, plaintiff has not shown its relevance, or that its relevance would outweigh the potential prejudice.  Accordingly, the Court will exclude any evidence regarding or reference to the matter.

**D.     Other Matters.**

Pixler's request to exclude evidence regarding "any other civil or criminal matters in which Pixler is or was a party," is too vague to assess, so the Court denies that request. After the parties filed their memoranda, plaintiff filed a supplemental memorandum noting that on October 28, 2009, new federal criminal charges were filed against Pixler in Florida for alleged federal tax violations.  Plaintiff notes that he will seek to have that charge, and any subsequent conviction, admitted into evidence in this case.  Because there has not yet been a conviction or guilty plea, the issue is premature.  The Court will not admit evidence of what is, at this point, just allegations.  The Court may revisit the issue is those circumstances change.

For all of the foregoing reasons, Pixler's motions *in limine* (Dkt. #219, #220) are

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
*IN LIMINE* REGARDING CRIMINAL AND SEC MATTERS - 5

1   GRANTED IN PART AND DENIED IN PART.[1]

2

3        DATED this 15th day of April, 2010.

4

5

6                                    *MWS Lasnik*

7                                    Robert S. Lasnik
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20        _____

21        [1] The Court notes that the findings and conclusions in this order, like all rulings *in
       limine*, are preliminary and can be revisited at trial based on the facts and evidence as
22     they are actually presented.  See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984)
       (explaining that a ruling *in limine* "is subject to change when the case unfolds,
23     particularly if the actual testimony differs from what was contained in the proffer.  Indeed
       even if nothing unexpected happens at trial, the district judge is free, in the exercise of
24     sound judicial discretion, to alter a previous *in limine* ruling.").  Subject to these
       principles, the Court issues this ruling for the guidance of the parties.
25

26     ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
       *IN LIMINE* REGARDING CRIMINAL AND SEC MATTERS - 6