1

2

3

4

5

6                             UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
7                                       AT SEATTLE

8    MIKE KREIDLER,

9               Plaintiff,

10                                              Case No.  C06-0697RSL
         v.
11                                              ORDER GRANTING IN PART AND
     DANNY L. PIXLER, *et al.*,                 DENYING IN PART PIXLER'S
12                                              MOTION *IN LIMINE*
               Defendants.
13

14

15          This matter comes before the Court on defendant Danny Pixler's motion *in limine*

16   to preclude the introduction of certain evidence and testimony.  Specifically, he seeks to

17   preclude introduction of (1) any reference to offers to settle or compromise under Federal

18   Rule of Evidence 408; (2) any argument that Pixler "obtained, converted, stole, or in any

19   way came into possession of any money" that was owed to Cascade; (3) any argument or

20   inferences at trial based on the fact that defendant will not appear or testify on his own

21   behalf; (4) any reference to defendant's assets or financial ability to pay a judgment; (5)

22   any reference by counsel concerning their personal beliefs as to their client's credibility;

23   and (6) the fact that this motion has been filed.  Plaintiff does not object to the fifth and

24   sixth items, so any such references are prohibited.  At the parties' request, the Court heard

25

26   ORDER GRANTING IN PART AND DENYING
     IN PART PIXLER'S MOTION *IN LIMINE* - 1

1   oral argument in this matter on April 12, 2010.

2   **A.    Conviction-Related Evidence.**

3         Plaintiff does not plan to offer any offers of settlement or compromise from this

4   case, and he would be precluded from doing so under Federal Rule of Evidence 408.

5   Rather, plaintiff may seek to introduce a "Litigation Release" from the Securities and

6   Exchange Commission ("SEC") titled, "Court Enters Final Judgment of Permanent

7   Injunction and Other Relief Against Defendant Danny L. Pixler."  Declaration of Diana

8   Dearmin (Dkt. #222), Ex. 1.  The admissibility of the Litigation Release turns on the

9   admissibility of Pixler's guilty plea, which is the subject of a separate motion.  Similarly,

10  Pixler seeks to exclude references about his absence at trial.  The Court will address those

11  issues in connection with Pixler's motion *in limine* regarding his criminal conviction.

12  **B.    Financial Allegations.**

13        Pixler seeks to exclude as irrelevant allegations that he obtained money to which

14  he was not entitled.  Those allegations, however, are directly relevant to plaintiff's

15  primary contention in this case: that all of the defendants, including Pixler, wrongfully

16  took and/or diverted workers' compensation premiums due to Cascade.  Although Pixler

17  argues that there is a lack of evidence to support that claim against him, the issue of the

18  merits is separate from the issue of relevance.  Moreover, the Court denied defendants'

19  motion for summary judgment on plaintiff's claims of misappropriation, conversion, theft

20  of premiums, unjust enrichment, violations of the Criminal Profiteering Act, and civil

21  conspiracy.  The allegations are relevant to those claims, and plaintiff is entitled to

22  attempt to prove them at trial.  Accordingly, the Court will not exclude allegations on this

23  topic.

24        Pixler also seeks to exclude under Rule 403 evidence regarding his assets and

25

26  ORDER GRANTING IN PART AND DENYING
IN PART PIXLER'S MOTION *IN LIMINE* - 2

1   ability to pay a judgment.  Although Pixler claims that the information is prejudicial, he

2   does not explain why.  For that reason, the Court will focus on the relevancy issue as the

3   parties did.  Plaintiff counters that it does not intend to present any evidence to establish

4   Pixler's ability to pay a judgment.  Rather, it plans to introduce the Statement of Net

5   Worth Pixler submitted to insurance regulators in support of the Cascade transaction.

6   Plaintiff contends, and the Court agrees, that the statement is relevant to whether Pixler

7   presented truthful information to regulators, which is relevant to plaintiff's claims of civil

8   conspiracy and violations of the Consumer Protection Act and Criminal Profiteering Act.

9   It is also relevant to Pixler's credibility.  Furthermore, any evidence that Pixler or his wife

10   received funds diverted from Cascade is relevant to the theft and conspiracy-related

11   claims.  The probative value of the information outweighs any vague assertion of

12   prejudice.

13       For all of the foregoing reasons, Pixler's motion *in limine* (Dkt. #221) is

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING IN PART AND DENYING
     IN PART PIXLER'S MOTION *IN LIMINE* - 3

1   GRANTED IN PART AND DENIED IN PART.[1]

2

3         DATED this 15th day of April, 2010.

4

5

6                                              *MNf S Lasnik*

7                                              Robert S. Lasnik
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21      [1]   The Court notes that the findings and conclusions in this order, like all rulings *in
        limine*, are preliminary and can be revisited at trial based on the facts and evidence as
22      they are actually presented.  See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984)
        (explaining that a ruling *in limine* "is subject to change when the case unfolds,
23      particularly if the actual testimony differs from what was contained in the proffer.  Indeed
        even if nothing unexpected happens at trial, the district judge is free, in the exercise of
24      sound judicial discretion, to alter a previous *in limine* ruling.").  Subject to these
        principles, the Court issues this ruling for the guidance of the parties.
25

26      ORDER GRANTING IN PART AND DENYING
        IN PART PIXLER'S MOTION *IN LIMINE* - 4