UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE*

    This matter comes before the Court on the defendants' motion *in limine*. Defendants seek to exclude several categories of evidence. At the parties' request, the Court heard oral argument in this matter on April 12, 2010.

**A.   Swift Intermediaries, Ltd.**

    Defendants seek to exclude any evidence or argument concerning Swift Intermediaries, Ltd. ("Swift"), the third party that negotiated reinsurance coverage for Cascade with Renaissance Re. Plaintiff contends that one or more of the defendants owned an interest in Swift during the relevant time period, that defendants failed to disclose the interest, and that defendants owe in excess of $4 million for the reinsurance premiums under the Cascade workers' compensation program. Although defendants

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE* - 1

1  argue that the allegations regarding Swift are irrelevant, they have not rebutted plaintiff's
2  contention that they are relevant to plaintiff's claim that defendants are responsible for the
3  unpaid reinsurance premiums.  Moreover, plaintiff has shown that defendants' partial
4  ownership of Swift is relevant to Huff's credibility because during his deposition, Huff
5  falsely denied that Midwest had any ownership interest in Swift.  Defendants also contend
6  that the evidence would be more prejudicial than probative, but defendants have not
7  shown that any prejudice would be more than minimal.  Therefore, the evidence is
8  admissible.

**B.     Current or Former Litigation Involving Defendants.**

Defendants contend that the Court should exclude any evidence or argument regarding current or former litigation involving these defendants.  Although the request is broad, defendants have identified only two specific issues: (1) the litigation in Continental Casualty Corp. v. Pixler, *et al.*, (the "CNA" litigation), and (2) the private enforcement actions that the SEC has filed against defendants Danny Pixler and Anthony Huff.  Plaintiff has responded that he does not plan to introduce evidence regarding the CNA litigation, so that issue is moot.

As for the SEC matters, the Court will address the SEC action against Pixler in connection with Pixler's motion *in limine* addressing that issue.  The SEC allegations against Huff, are, at this point, just allegations.  The Court will not permit a mini-trial into the truth of those allegations.  In addition to the waste of time and resources, the introduction of the unproven allegations would be more prejudicial than probative.  Accordingly, the Court will exclude evidence of the SEC litigation against Huff.  The Court may reconsider this ruling if the status of that litigation changes before the trial in this case.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE* - 2

### C. Testimony Regarding Diversion of and Personal Use of Funds.

Defendants seek to preclude plaintiff's expert Paul Sutphen from testifying that funds belonging to Cascade were allegedly diverted to the defendants. Defendants contend that Sutphen's opinion will not assist the trier of fact because Sutphen has not opined that any of Midwest's allegedly improper payments to defendants were taken from funds rightfully belonging to Cascade. However, as the Court noted in its order denying in part defendants' motion for summary judgment, Sutphen opined, "A large amount of the funds received by Midwest were disbursed to insiders and other parties related to Certified and Midwest, and used to pay personal, non-business related items. . . . Midwest was used as a vehicle to distribute large sums of money for personal gain. This activity resulted in the non-payment of legitimate expenses and obligations, including monies due for workers' compensation coverage." Sutphen Report at p. 9 (attached to the Declaration of Victoria Vreeland in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. #147) at Ex. K). Although defendants contend that Sutphen's opinion is unsupported, it was based on Certified's Consolidated Financial Statement as of December 31, 2004 and on information from defendants' own financial personnel. Id. Therefore, Sutphen's opinion is adequately supported and would be helpful to the jury.

Defendants also seek to preclude plaintiff from offering Sutphen's opinion testimony, or any testimony or argument, concerning defendants' alleged personal use of Midwest funds. Plaintiff contends that defendants used Midwest's funds for personal use both before and during the Cascade relationship. As for the personal use that occurred during the Cascade workers' compensation program, that evidence is relevant to plaintiff's contention that Midwest received workers' compensation funds, then, instead of paying the funds over to Cascade, diverted them to the other defendants for personal

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE* - 3

1 use. As such, that evidence is relevant to the theft and conspiracy-related claims.
2 Evidence of personal use of Midwest's funds and commingling of assets is also relevant
3 to plaintiff's argument to pierce Midwest's corporate veil. Accordingly, plaintiff may
4 introduce evidence that during the Cascade workers' compensation program, defendants
5 used Midwest funds for personal use.

6       Plaintiff also seeks to introduce an additional 17 exhibits to show the personal use
7 of Midwest funds before the inception of the Cascade workers' compensation program.
8 Plaintiff contends that "the commingling and misuse of those funds for personal reasons,
9 both before the during Cascade's workers' comp program, shows intent, motive,
10 opportunity, preparation, plan, or knowledge, and is admissible pursuant to FRE 404(b)."
11 Plaintiff's Opposition at p. 12. That vague assertion does not explain the relevance of the
12 evidence. The relevance appears marginal, it is cumulative, its presentation would be
13 time consuming, and it may confuse the jury. Moreover, the pre-Cascade evidence would
14 be more prejudicial than probative. For these reasons, the Court will preclude plaintiff
15 from offering any evidence of personal use of Midwest funds that pre-dates the Cascade
16 transaction. After the trial, if warranted, the Court may consider the evidence in
17 determining whether to pierce the corporate veil.

18       For all of the foregoing reasons, defendants' motion *in limine* (Dkt. #213) is

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE* - 4

1 GRANTED IN PART AND DENIED IN PART as set forth above.[1]

3     DATED this 15th day of April, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE* - 5