THE HONORABLE ROBERT LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER, Insurance Commissioner for the State of Washington and as Receiver for Cascade National Insurance Company, in Liquidation,<br><br>Plaintiff,<br><br>v.<br><br>DANNY L. PIXLER and ROXANN PIXLER, individually and their marital community; ANTHONY HUFF and SHERI HUFF, individually and their marital community; AMERICAN STAFF RESOURCES OF CALIFORNIA, INC., a Delaware corporation; CERTIFIED SERVICES, INC., a Nevada corporation; MIDWEST MERGER MANAGEMENT, LLC, a Kentucky Limited Liability Company; and JOHN DOES 1 – 10,<br><br>Defendants. | NO. C06-697 RSL<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE CLARIFICATION, OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* RE ALLEGATIONS OF RECEIVER'S COMPLAINT AGAINST ANDERSON<br><br>Noted on Motion Calendar:<br>April 20, 2010<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to Local CR 7(h), plaintiff moves for reconsideration of the Court's April 15, 2010 Order Granting in Part and Denying in Part Plaintiff's Motion *in Limine* (Dkt. 265) with respect to defendants' proposed evidence, including the Complaint, of allegations Plaintiff made against Harold Anderson in an earlier lawsuit. (Dkt. 265, § D at

PLAINTIFF'S MOTION FOR RECONSIDERATION   1
(C06-697 RSL)
1464725 v08.doc

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

7).  Alternatively, Plaintiff seeks clarification from the Court concerning the admissibility of the **full** Complaint, given the number of other allegations and statements therein.  If the Complaint is admissible under the Court's Order, plaintiff seeks to limit that exhibit to only those specific portions which relate to what Harold Anderson may have known or had reason to know regarding those matters which plaintiff claims in this suit that defendants failed to disclose to Harold Anderson.

I. ARGUMENT AND AUTHORITY

A. The Court Should Reconsider Its April 15, 2010 Order on the Anderson Complaint.

On April 15, 2010, this Court denied Plaintiff's motion *in limine* to bar Defendants from introducing evidence that the Receiver brought suit against Anderson and settled the matter.  The Court ruled in relevant part the following:

> [D]efendants seek to introduce the complaint plaintiff filed against Anderson as a statement against interest.  On that basis, the complaint is admissible under Federal Rule of Evidence 801(d)(2).  It represents an admission that at least at one point, <u>plaintiff believed that Anderson was aware of the facts</u> that defendants allegedly misrepresented or failed to disclose.  Accordingly, the complaint is relevant and admissible.[1]

Defendants had argued to the Court that the Receiver alleged that Anderson <u>knew</u> Anthony Huff was a convicted felon, had his insurance license revoked, was an owner of and controlled Midwest Merger Management, and the other matters that the Receiver claims were failures to disclose or misrepresentations by defendants to Anderson.  However, the Complaint in the action against Anderson, which is attached as Appendix 1 hereto, claimed causes of action for negligence and breach of fiduciary duty — i.e., that

---

[1] Dkt. 265, § D at 7 (emphasis added).

PLAINTIFF'S MOTION FOR RECONSIDERATION  2
(C06-697 RSL)
1464725 v08.doc

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Anderson breached his duty to Cascade National because Anderson *knew or should have known* of the Defendants' misrepresentations.[2]  Specifically, the allegations in that Complaint state that "Anderson overlooked, ignored, downplayed, or disregarded adverse information about Pixler and his associates or agents . . . ."[3] and that "[w]ith respect to the acts and omissions alleged herein, Anderson refused, disregarded, neglected to obtain, and/or acted contrary to, the recommendations and advice of senior management of Cascade National and/or legal counsel."[4]  The Complaint does not allege that Anderson *knew* contrary to what Defendants argued to the Court, which may have misled the Court in making its decision.

The Complaint does not, therefore, rise to the level of an admission by Plaintiff that at one point the Receiver believed that Anderson *knew* of the facts that are claimed to be misrepresentations by Defendants.  This Complaint is not an admission of fact that Plaintiff stated that Anderson "knew" or "was aware" of these misrepresentations. FED. R. EVID. 801(d)(2).  To permit the use of the allegations to show and argue that Plaintiff once claimed that Anderson "knew" would be misleading and confusing to the jury – and could easily be misused, requiring more testimony by the Receiver, prolonging this trial.

---

[2] *See, e.g., Simonetta v. Viad Corp.*, 165 Wn.2d 341, 370 n.5, 197 P.3d 127 (2008) (negligence considers the defendant's conduct by asking what it knew or should have known about hazards involved in the use of its product); *Bullard v. Bailey*, 91 Wn. App. 750, 758–59, 959 P.2d 1122 (1998) (attorney knew or should have known nonattorney regularly engaged in unlawful practice of law, client believed nonattorney lawfully represented him, nonattorney had financial difficulties, and thus, attorney should have expected client would suffer some harm at nonattorney's hands); *Henningsen v. Worldcom, Inc.*, 102 Wn. App. 828, 836, 9 P.3d 948 (2000) (employer subject to negligence in failing to stop discrimination when it knew or should have known that employees were being subjected to a hostile work environment).

[3] Appendix 1 (Complaint for Damages in *Kreidler v. Anderson*, King County Superior Court Cause No. 06-2-34413-8 SEA) at ¶ 3.8.

[4] *Id.* at ¶ 3.14.

PLAINTIFF'S MOTION FOR RECONSIDERATION   3
(C06-697 RSL)
1464725 v08.doc

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

If permitted, Plaintiff requests that the Court prohibit Defendants from stating to the jury that Plaintiff claimed at one point, or alleged in the Complaint, that Anderson actually *knew* of Defendants' misrepresentations.

Further, any use of the Complaint as an Exhibit at trial to show that Plaintiff alleged that Anderson <u>knew</u> of Defendants' misrepresentations would be confusing, misleading, and unduly prejudicial. FED. R. EVID. 403.

**B.   In the Alternative, if the Complaint is Admissible, the Court Should Only Permit a Redacted Version of the Complaint as an Exhibit Consistent with FRE 401, 402, and 403, and Provide a Limiting Instruction to the Jury.**

Plaintiff requests that if the allegations of the Anderson action are permitted, the Court should limit admissibility to the pertinent portions of the Complaint — to only those portions of the Complaint which include the <u>actual</u> alleged statement. The Complaint includes detailed, multiple allegations concerning other parties and events that are no longer part of this case which have been ruled inadmissible in this case — (e.g, stock purchase transaction, third-party complaint, various affirmative defenses). As such, the full Complaint would be confusing and waste the jury's time, and could result in consideration by the jury of irrelevant and extraneous matters not properly before it, if the Complaint as an exhibit is permitted, plaintiff requests it be redacted – to permit only the Caption and paragraph 3.8. FED. R. EVID. 401, 402, 403. A proposed redacted complaint is attached as Appendix 2.[5]

---

[5] Appendix 2 (Proposed redacted Complaint for Damages in *Kreidler v. Anderson*, King County Superior Court Cause No. 06-2-34413-8 SEA).

PLAINTIFF'S MOTION FOR RECONSIDERATION   4
(C06-697 RSL)
1464725 v08.doc

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## II. CONCLUSION

Based on the foregoing, Plaintiff requests that the Court reconsider its ruling and exclude the Complaint against Anderson and any evidence regarding it. In the alternative, and for purposes of clarification, Plaintiff requests that the Court redact the irrelevant portions of the Complaint and limit any evidence or statements by the defense to the Complaint's Caption and paragraph 3.8.

Dated this 20th day of April 2010.

GORDON THOMAS HONEYWELL LLP

By /s/Donald S. Cohen
Victoria L. Vreeland, WSBA No. 8046
Donald S. Cohen, WSBA No. 12480
Victor J. Torres, WSBA No. 38781
Gordon Thomas Honeywell LLP
600 University Street, Suite 2100
Seattle WA 98101-4185
Tel: (206) 676-7500
Fax: (206) 676-7575
vvreeland@gth-law.com
dcohen@gth-law.com
vtorres@gth-law.com
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR RECONSIDERATION  5
(C06-697 RSL)
1464725 v08.doc

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575