UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE KREIDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY L. PIXLER, *et al.*,<br><br>    Defendants. | Case No.  C06-0697RSL<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFF'S MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on plaintiff's motion for reconsideration of the Court's April 15, 2010 Order Granting in Part and Denying in Part Plaintiff's Motion *in Limine* (Dkt. #265).  Plaintiff contends that the Court erred by denying his request to exclude his complaint against Harold Anderson.  In the alternative, plaintiff argues that the complaint should be admitted only after it is substantially redacted, which is an argument he has not previously made.  Because that argument was new, the Court requested a response from defendants to permit them to address the issue.  They have done so, and the matter is now ready for the Court's review.

"Motions for reconsideration are disfavored.  The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

1  new facts or legal authority which could not have been brought to its attention earlier with
2  reasonable diligence." Local Rule 7(h).
3      In this case, plaintiff has not shown that the Court erred in denying his request to
4  exclude his complaint against Anderson in its entirety.  As the Court noted, the complaint
5  represents an admission that at least at one point, plaintiff believed that Anderson was
6  aware of the facts that defendants allegedly misrepresented or failed to disclose.  (Dkt.
7  #265).  Because plaintiff has not shown that the Court erred, the Court will not exclude
8  the portion of the complaint that includes that allegation.
9      As for plaintiff's new contention that all of the other allegations in the complaint
10 should be redacted, the Court finds that such significant redaction is unnecessary and
11 would confuse the jury by removing the factual allegations that provide background and
12 context to the relevant allegation.  However, the remaining allegations, including those
13 regarding jurisdiction and venue, the prayer for relief, and the contentions in paragraphs
14 3.9 - 5.4, are irrelevant, potentially prejudicial, and potentially confusing to the jury.
15 Accordingly, the complaint is admissible but paragraphs 2.1 - 2.4, 3.9 - 5.4, and the
16 prayer for relief must be redacted from any version shown to the jury.
17     As set forth above, plaintiff's motion for reconsideration (Dkt. #270) is
18 GRANTED IN PART AND DENIED IN PART.
19     DATED this 30th day of April, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge