UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

    Plaintiff,

    v.

DANNY L. PIXLER, *et al.*,

    Defendants.

Case No. C06-0697RSL

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
AN AWARD OF ATTORNEY'S
FEES AND EXPENSES

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for an award of reasonable attorney's fees of $2,131,569 and expenses of $451,411.97[1] from defendants Anthony Huff, Sheri Huff, Danny Pixler, and Midwest Merger Management, LLC (collectively, "defendants"). For the reasons set forth below, the Court grants plaintiff's motion in part and denies it in part.

---

[1] These figures include the amounts in plaintiff's original motion (Dkt. #380) plus the two supplemental requests for subsequently incurred fees and expenses (Dkt. #394, Dkt. #404).

## II.  DISCUSSION

On May 3, 2010, a jury trial commenced in this matter.  On May 21, 2010, following deliberations, the jury rendered its verdict. (Dkt. #348).   The jury found all defendants liable under plaintiff's Consumer Protection Act ("CPA") claim and awarded damages of $19,310,744 against all defendants.  The jury further found that Anthony and Sheri Huff and Midwest were liable for violations of the Criminal Profiteering Act and awarded plaintiff damages of $820,900 for that claim.  Both the CPA and the Criminal Profiteering Act provide for an award of attorney's fees.  RCW 19.86.090 (CPA provides for a civil action to recover actual damages "together with the costs of suit, including reasonable attorney's fees"); St. Paul Fire & Marine Ins. Co. v. Updegrave, 33 Wn. App. 653, 659 (1983) (awarding reasonable expenses, including investigative expenses and expert witness fees); RCW 9A.82.100(1)(a) (permitting an award of attorney's fees under the Criminal Profiteering Act).

In this case, the Court has jurisdiction based on the parties' diversity of citizenship. In a diversity action, a motion for attorney's fees and costs is reviewed under the governing state law.  See Michael-Regan Co., Inc. v. Lindell, 527 F.2d 653, 656 (9th Cir. 1975) ("Federal courts are required to apply state law in diversity action with respect to the allowance or disallowance of attorney fees.").  The parties agree that an award of fees in this case is governed by Washington law.

In Washington, the "lodestar" method is the starting point for fee calculations. The lodestar fee is determined by multiplying the hours reasonably expended in the litigation by each lawyer's reasonable hourly rate of compensation.  Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983).  The burden of demonstrating that a fee is reasonable is on the fee applicant, who must provide documentation sufficient

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 2

1  to "inform the court, in addition to the number of hours worked, of the type of work
2  performed and the category of attorney who performed the work (*i.e.*, senior partner,
3  associate, etc.)." Id.; see also Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 151 (1993).

4        In evaluating the reasonableness of a fee award, the Court may consider the
5  relationship between the amount in dispute and the fee requested and the hourly rate of
6  opposing counsel. Fetzer, 122 Wn.2d at 150; Boeing Co. v. Sierracin Corp., 108 Wn.2d
7  38, 66 (1987). The court should also "discount hours spent on unsuccessful claims,
8  duplicated effort, or otherwise unproductive time." Bowers, 100 Wn.2d at 597. Although
9  the reasonableness of a request depends on the circumstances of each individual case,

> [t]he determination of a fee award should not become an unduly burdensome proceeding for the court or for the parties. An explicit hour-by-hour analysis of each lawyer's time sheets is unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded. An award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers and explain why discounts were applied.

14  Absher Constr. Co. v. Kent Sch. Dist., 79 Wn. App. 841, 848 (1995) (internal citation and
15  quotation marks omitted); see also Schmidt v. Cornerstone Invs., Inc., 115 Wn.2d 148,
16  169 (1990) ("Whether attorney fees are reasonable is a question of fact to be answered in
17  light of the particular circumstances of each individual case, and in fixing fees the trial
18  court is given broad discretion.").

19        Defendants have not contested the reasonableness of plaintiff's counsel's hourly
20  rates and an established billing rate is generally deemed to be reasonable. See Bowers,
21  100 Wn.2d at 597 ("Where the attorneys in question have an established rate for billing
22  clients, that rate will likely be a reasonable rate."). Plaintiff's primary counsel, Victoria
23  Vreeland and Donald Cohen, both charged hourly rates of $250 in 2005 and 2006, $290
24  in 2007, and $325 from 2008 through the present. Declaration of Victoria Vreeland,

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 3

1  (Dkt. #381) ("Vreeland Decl.") at ¶ 4.  As set forth in that declaration, other partners,

2  associates, paralegals and clerks charged lower rates.  Id.  The rates charged by Ms.

3  Vreeland and Mr. Cohen were below their established hourly rates.  Id. at ¶ 5.  The Court

4  finds that the rates sought are reasonable.  Therefore, the Court must consider the

5  reasonableness of the number of hours plaintiff's counsel expended in the litigation.  See

6  Bowers, 100 Wn.2d at 597.  In evaluating the overall amount of fees sought, the Court

7  also considers the fact that the litigation spanned five years, the issues were fact intensive

8  and complex, dispositive motions were filed, and a lengthy jury trial was conducted.  In

9  light of those factors, the Court considers defendants' specific objections.

10 **A.    Fees for Time Spent Regarding Other Claims.**

11       All defendants argue that the Court should deduct time plaintiff's counsel spent on

12 claims other than the CPA and Criminal Profiteering Act claims (the "fee shifting

13 claims").  Generally, when a prevailing party is entitled to attorney's fees for some claims

14 but not others, courts must segregate the time spent on the claims that allow for fees from

15 time spent on "legal theories relating to other causes of action" to the extent possible.

16 Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc., 64 Wn. App. 553, 566 (1992).  The

17 Washington Court of Appeals has explained the segregation principles in non-civil rights

18 cases:

19 > In awarding attorney fees under the CPA, the trial court "must separate the time
> spent on those theories essential to the CPA and the time spent on legal theories
20 > relating to the other causes of action." [Travis v. Wash. Horse Breeders Ass'n, 111
> Wn.2d 396, 411 (1988)]; see also Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735,
21 > 744, 733 P.2d 208 (1987) ("These [attorney] fees should only represent the
> reasonable amount of time and effort expended which should have been expended
22 > for the actions of [the defendant] which constituted a Consumer Protection Act
> violation."). Thus, the Travis court rejected the trial court's conclusion that the
23 > CPA, warranty, and mutual mistake claims "'overlapped and were [too]
> intertwined'" to segregate the time spent on each and that "some basic facts were
24 > essential to each cause of action." 111 Wn.2d at 411. The Travis court noted that
> even though a number of fundamental facts were essential to every aspect of the
25

26 ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 4

lawsuit, the law pertaining to each claim differed and, thus, the legal theories attaching to these fundamental facts differed. 111 Wn.2d at 411.

Smith v. Behr Process Corp., 113 Wn. App. 306, 344 (2002).

In this case, all of plaintiff's claims shared a common core of operative facts and a theory with the fee shifting claims: defendants engaged in various actions, misrepresentations, and omissions in order to take money that was meant for Cascade. Plaintiff needed to investigate and conduct discovery regarding the same facts for the fee-shifting claims as for all claims, so it is not possible to segregate out most of the time spent on investigating and trying the other claims. Accordingly, plaintiff is entitled to recover fees for his discovery, investigative time, and trial time for all claims.

However, some of counsel's time entries reflect legal research and memoranda writing for the non-fee shifting claims. For example, plaintiff has not shown that a potential fraudulent transfer defense, which counsel researched but never asserted, was sufficiently related to the claims for which fees are allowed. Accordingly, as requested by defendants, the Court will disallow $385.00 in fees expended on July 1, 2008 for researching that defense. Similarly, the Court will deduct $715, half of the amount billed, for the January 15, 2009 entry that includes "Telephone call with Fowler on narrowing research on third-party beneficiary issue under NY and WA law." The Court deducts half of the amount billed for that entry because the entry includes other tasks for which fees are allowed, and the Court estimates that half of the time spent was related to the fee shifting claims.

In addition to the few specific examples cited by the other defendants, defendant Pixler's counsel has submitted a careful and thorough list of tasks which were unrelated

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 5

to the fee shifting claims.[2] Pixler's Response, Ex. A. Those tasks include researching other theories, including unjust enrichment, alter ego, and piercing the corporate veil. The Court will not award fees for legal research regarding those theories. Moreover, in this case, unlike the cases on which plaintiff relies, plaintiff sought judgment on his equitable claims after the CPA and Criminal Profiteering Act claims had already been adjudicated. At that point, plaintiff cannot contend that an adjudication on the equitable claims was necessary to further the adjudication of the fee shifting claims. Although the claims all shared a common core of facts, those facts had already been investigated and adjudicated by the time plaintiff moved for judgment on the equitable claims. Plaintiff's post judgment motion was related solely to briefing other, non fee shifting claims, and to briefing the issue of exemplary damages under the CPA and Criminal Profiteering Act, which were not awarded. See, e.g., Absher Const. Co., 79 Wn. App. at 845 (stating that fees should be disallowed for unsuccessful claims). For those reasons, plaintiff is not entitled to recover fees for time spent solely on non-fee shifting claims and on the unsuccessful motion for judgment on the equitable claims and exemplary damages. Therefore, the Court will deduct $36,463.00, the amount calculated by Pixler in Exhibit A.

Pixler has also identified numerous time entries which include both research related to other claims and tasks related to the fee shifting claims. For example, all defendants dispute a March 29, 2005 entry for "Review contract legal claims" and there is no indication that the time was spent on a theory essential to the fee shifting claims.

---

[2] Although Pixler argues that time spent on the tasks listed in Exhibit A should be disallowed because they reflect work on *unsuccessful* claims, the Court instead focuses on whether the tasks were essential to the fee shifting claims.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 6

1  Pixler Response, Ex. B.  The Court will therefore deduct half of the amount listed for that
2  entry.  The Court estimates that half of the 4.8 hours billed was related to the contract
3  claim versus the other tasks listed in the block entry.  Similarly, after careful review on
4  the entries listed in Exhibit B, the Court estimates that half of the time listed in those
5  entries was spent on issues related to the fee shifting claims and half was not.  Therefore,
6  the Court will deduct an additional $12,011.00[3] for the tasks listed in that exhibit.

**B.    Additional Objections by the Huffs and Midwest.**

Defendants Anthony and Sheri Huff and Midwest complain that plaintiff has shirked his responsibility to show that the fees requested are reasonable.  However, plaintiff's attorneys have provided extensive documentation, through their billing records, of the tasks performed and the amount of time spent on those tasks.  The documentation is sufficient to inform the Court and defendants of the work performed.  See, e.g., Bowers, 100 Wn.2d at 597 (explaining that the documentation provided "need not be exhaustive or in minute detail").  The Huffs and Midwest provide only a few examples of fees that they claim should be disallowed, then state that their objections represent only "the tip of the iceberg."  Defendants' Response at p. 14.  Despite the scant assistance provided by those defendants, the Court considers the reasonableness of all fees requested.

Defendants contend that the Court should not award fees for pre-litigation tasks, including time spent communicating with experts who were never disclosed to defendants.  Despite claiming that pre-filing fees are not recoverable, defendants cite no authority in support of that assertion, which is contrary to the language of the statute and

---

[3] The Court deducted $475.00 from the $24,497.00 amount listed by Pixler in Exhibit B because, as set forth below, the Court deducts that amount for the July 5, 2005 time entry as related to communications with the press.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 7

to the purpose of the CPA. Bowers, 100 Wn.2d at 594 (noting, in considering a fee petition under the CPA, that the statute "exhorts us to liberally construe the act, 'that its beneficial purposes may be served.'") (quoting RCW 19.86.920); see also RCW 9A.82.100(1)(a) (Criminal Profiteering Act entitles the prevailing party to "reasonable investigative . . . fees."). In addition, some pre-suit investigation is required in order to satisfy the requirements of Federal Rule of Civil Procedure 11. Therefore, those fees will be allowed.

Some of defendants' other objections are well taken. Defendants note that plaintiff seeks to recover fees spent corresponding with other attorneys or interested parties regarding an ultimately unconsummated pre-suit purchase of Cascade. Plaintiff responds that the time spent was necessary, among other reasons, to analyze the impact of a sale on pending claims. Although that time was productive, it was not necessary to prosecute the CPA or Criminal Profiteering claims. Accordingly, the Court will disallow that time, for a total amount disallowed of $4,450.00. See Bill No. 559550, entries dated 6/30/05-9/28/05. The Court disallows the following items:

| DATE | ATTORNEY | AMOUNT |
|---|---|---|
| 6/30/05 | Vreeland | $50.00 |
| 7/5/05 | Vreeland | $475.00 |
| 7/6/05 | Vreeland | $300.00 |
| 7/7/05 | Vreeland | $125.00 |
| 7/11/05 | Cohen | $50.00 |
| 7/12/05 | Vreeland | $25.00 |
| 7/22/05 | Vreeland | $50.00 |
| 7/25/05 | Vreeland | $1,325.00 |
| 7/26/05 | Vreeland | $600.00 |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 8

| 7/27/05 | Vreeland | $625.00 |
|---------|----------|---------|
| 7/28/05 | Vreeland | $300.00 |
| 8/22/05 | Cohen | $75.00 |
| 8/22/05 | Vreeland | $325.00 |
| 9/28/05 | Cohen | $125.00 |
| **Total:** | | **$4,450.00** |

The Court disallows the total amount billed for those time entries because plaintiff's descriptions of the time spent include multiple items that do not permit the Court to identify which portion was spent on sale-related tasks, and it appears that working on the sale occupied a substantial portion of counsel's time during the relevant time period. Similarly, the Court will not award plaintiff fees for his counsel's interaction with the press, which was not related to successfully litigating the CPA and Criminal Profiteering claims. The Court will deduct $3,725.00 for the entries between April 7, 2006 and April 17, 2006 that include time spent related to the press releases.

  Defendants contend that plaintiff sought fees associated with a motion to compel, but the Court already awarded plaintiff his fees and costs expended in bringing that motion. Plaintiff has shown, however, that in this motion, he deducted the fees and costs associated with that motion. Vreeland Decl. at ¶ 19.

  Defendants also argue that the Court should not award fees for clerical work performed by paralegals and clerks. Although fees for non-lawyers are compensable, the services performed by the non-lawyer must be legal, rather than clerical, in nature. See, e.g., Absher, 79 Wn. App. at 845. In this case, the Court will not award the $31.50 expended for the paralegal who "prepare[d] SEC documents for imaging" on September 19, 2006 or the $73.50 for "prepar[ing] documents for copying, etc." on April 4, 2007 because those are clerical functions. Similarly, the Court disallows $48.00 for entries on

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 9

December 9, 2008 and January 22, 2009 for the paralegal to "docket/calendar deadlines," which is a secretarial function.[4]  Disallowing those fees results in a deduction of $153.00.

However, the Court will not deduct time for the paralegal's "document management" as requested by defendants.  Although that description is vague, the Court and parties understand what document management functions paralegals typically perform.  Furthermore, the paralegal noted when the document handling was related to copying, which distinguishes the "document management" entries from the clerical entries.  Therefore, the entries are sufficient to show that the time is legal in nature.

**C.     Additional Objections from Danny Pixler.**

Pixler objects to the fact that two partners, Ms. Vreeland and Mr. Cohen, both traveled to Kentucky and attended the depositions of numerous witnesses, including Mr. Pixler, Mr. Huff, Ms. Brown, Mr. Gudeman, Mr. Weiss, Ms. Ferrera, Mr. Bean, Mr. Cunningham, and Mr. Russo.  Although both billed for attending the entire depositions, only one of the attorneys actually took each deposition.  Pixler argues that the presence of the second attorney was duplicative and the fees associated with his or her attendance should be disallowed.  The Court agrees that the presence of a second high-level attorney at the depositions was unnecessary and duplicative.  Therefore, the Court will deduct half of the amount of fees billed by each of the two attorneys to attend the depositions, for a total deduction of $41,681.25.  Pixler's Response, Ex. C.  However, the Court will not deduct the expenses for the attorneys' travel related to the depositions.  Although it was

---

[4] The paralegal lists a substantial number of tasks for a total of 4.7 hours on December 9, 2008, all of which are legal in nature except for docketing the deadlines.  Rather than deducting fees for the entire 4.7 hours, the Court, in experience, will take note that it should have taken approximately 0.2 hours to docket the deadlines and will deduct $24 for that entry based on the paralegal's $120 hourly rate.  The Court deducts the same amount of the January 22, 2009 entry.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES - 10

duplicative to have two attorneys attend the depositions, it was not duplicative for them both to travel to Kentucky to work on the depositions, document management, and strategy, particularly because plaintiff's counsel did not have an office or colleagues located in Kentucky.

Pixler also contends that plaintiff should not be reimbursed for the expenses of $37,227.14 incurred by plaintiff's trial consultant, Prolumina, LLC. However, there was a substantial amount of testimony via videotape in this case, and the Prolumina consultant assisted the parties and the Court by presenting that testimony in an efficient manner. Accordingly, the Court will not deduct that expense.

Finally, Pixler requests that the Court deny requests for fees with vague and allegedly inadequate descriptions. Pixler's Response, Ex. D. Pixler notes that some of the entries simply state, "Review documents" or similar language. However, the entries listed contain sufficient detail for the Court to determine the tasks performed. Accordingly, the Court will not deduct fees for those tasks. The Court will deduct $60.00 for an entry on December 4, 2007 by a paralegal that fails to include a description.

**D.     The Fee Petition and Costs.**

The Court also awards $3,984.00 for preparation of the fee petition. None of the defendants has objected to that request, and it is allowable. See, e.g., J.L. Steele, 96 Wn. App. at 781 (explaining that a court may award fees for time expended to prepare a fee petition).

Furthermore, the Court awards plaintiff the full amount of costs requested. With the exception of the costs for travel to depositions and for Prolumina, defendants have not objected to those expenses, and the Court finds them to be reasonable and necessary to prosecute the fee shifting claims.

Finally

Finally, plaintiff has also requested that the Court award any costs that were disallowed in its Bill of Costs (Dkt. #376). In the Bill of Costs, plaintiff requested costs in the amount of $83,492.06. The Clerk of the Court taxed costs in the amount of $40,407.42 and disallowed costs of $43,084.64. (Dkt. #403). The Court has broad discretion to permit additional costs of suit as allowed by the fee shifting statutes, and the Court allows the additional costs. The Court finds that the costs disallowed by the Clerk, including a $200 filing fee in King County Superior Court and various witness and printing fees, were necessary costs of suit. Furthermore, defendants did not object to any of those costs. Accordingly, the Court will allow additional costs in the amount of $43,084.64.

### III. CONCLUSION

For all of the reasons set forth above, plaintiff's motion for attorney's fees and costs (Dkt. #380) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded attorney's fees in the amount of $2,031,925.75 ($2,112,171 + $3,984.00 + $15,414.00 - $99,643.25 in deductions) and litigation expenses of $494,496.61 ($451,053.16 + $300.15 + $58.66 + $43,084.64) against all defendants under the CPA and against all defendants except Danny Pixler under the Criminal Profiteering Act.

DATED this 3rd day of January, 2011.

*[signature]*
Robert S. Lasnik
United States District Judge