1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKE KREIDLER,

        Plaintiff,

    v.

DANNY L. PIXLER, *et al.*,

        Defendants.

Case No.  C06-0697RSL

ORDER GRANTING MOTION FOR
CERTIFICATION OF JUDGMENT

This matter comes before the Court on plaintiff's motion for an order certifying the judgment in this case for registration in other districts.  The Court entered judgment on January 19, 2011.  The Huffs and Midwest subsequently filed an appeal.  They have not obtained a stay of the judgment.

Under Federal Rule of Civil Procedure 62(a), a judgment from a United States district court becomes final and enforceable fourteen days after judgment is entered.  At that time, a prevailing party is entitled to execute upon the judgment.  Pending appeal, however, the judgment is enforceable only in the district in which it was rendered.  A party seeking to enforce the judgment in another jurisdiction must register it in another district by court order.  28 U.S.C. § 1963.  According to the statute, the court rendering

ORDER GRANTING MOTION - 1

1   the judgment can certify it for registration in another jurisdiction during the pendency of

2   the appeal "for good cause shown." Id.  The Ninth Circuit has defined "good cause" as

3   the absence of assets in the judgment forum combined with substantial assets in the

4   registration forum.  Columbia Pictures Indus., Inc. v. Krypton Broadcasting of

5   Birmingham, Inc., 259 F.3d 1186, 1197-98 (9th Cir. 2001).

6        Plaintiff is not required to produce "the details of Defendants' finances or evidence

7   that would have been admissible at trial."  Mommy Gina Tuna Resources v. Integral

8   Seafood LLC, 2009 WL 1322367 at *1 (D. Haw. May 8, 2009).  Rather, plaintiff's

9   burden is "minimal."  Id. (granting motion for certification and noting that plaintiff

10  offered evidence that at least some of defendants' assets were present in each of the

11  districts in which registration was sought).  Midwest and the Huffs do not own property in

12  Washington.  (Dkt. #21-2, Exs. A, B, D).  Nothing in the record suggests that Pixler owns

13  assets in Washington.  Defendants do not dispute that they lack assets in this district, or

14  that they have substantial assets in the districts in which plaintiff seeks to register the

15  judgment.  In fact, defendants did not respond to or oppose the motion, which the Court

16  construes pursuant to Local Rule 7 as a concession that it has merit.  In light of those facts

17  and the evidence of defendants' assets as set forth in plaintiff's moving papers, the Court

18  finds that plaintiff has shown good cause to certify the judgment.  See, e.g., Columbia

19  Pictures Indus., Inc., 259 F.3d 1198 (finding good cause where defendant did not dispute

20  the allegations that he lacked assets in California and owned substantial assets in Florida).

21  The finding of good cause is further supported by the fact that a failure to certify the

22  judgment would likely result in dissipation of those assets, causing the judgment to be

23  frustrated.  See, e.g., Skydive Arizona, Inc. v. Quattrocchi, 2010 WL 2534200 at *5 (D.

24  Ariz. June 18, 2010).

25       Accordingly, plaintiff's motion (Dkt. #422) is GRANTED.  The Court certifies the

26  ORDER GRANTING MOTION - 2

1  judgment for registration in the federal districts for the states of Florida (Northern and

2  Middle districts),[1] Kentucky (Western and Eastern districts), South Carolina, and

3  Tennessee (Western, Middle, and Eastern districts).

4

5       DATED this 13th day of May, 2011.

6

7

8  *Robt S Lasnik*
    Robert S. Lasnik

9      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

---

22     [1] Plaintiff's proposed order includes the Eastern District of Florida, which does not

23  exist.  Nor has plaintiff alleged or shown that defendants own any assets in the Southern
District of Florida.  Although Roxann Pixler testified during her deposition that she lived

24  in that area five years ago, there is no evidence that Mr. Pixler or the other defendants
currently own assets in that district.  Accordingly, this order does not certify the judgment

25  for registration in the Southern District of Florida.

26  ORDER GRANTING MOTION - 3